## THE GEORGIA RAILROAD vs. HAYDEN.

[Jackson, Chief Justice, did not preside in this case.]

1. Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach.

2. A theatrical manager purchased tickets for himself and troupe over a railroad, at the terminus of which they were to take a con-

necting train and proceed to a point at which a performance was to be given. Tickets had been sold to this performance to the amount of $288. There had been a collision of other trains on the first railroad, and the train taken by plaintiff was delayed, so as to miss connection with the next train; plaintiff failed to reach his destination, and the money was refunded to the purchasers of seats. At the point of delay, late at night, plaintiff first notified the railroad company by telegraph of his arrangements, but it did not appear that the telegram was received in time to remedy the difficulty :

*Held*, that the damages resulting from the particular character of the business of the traveler, unknown to the railroad company contracting with him, are too remote to be recovered.

December 4, 1883.

Railroads. Damages. Negligence. Before Judge EVE. City Court of Richmond County. April Adjourned Term, 1883.

Reported in the decision.

J. B. CUMMING, for plaintiff in, error cited 1 Suth. Dam., 74, 77, 93 and cit.; 9 Exch., 341 ; 3 Cush., 201 ; 7 *Ib.*, 516 ; 98 Mass., 232 ; 60 N. Y., 487, 496 ; L. R. C. P., 499 ; Mayne Dam., 31 ; 38 Me., 361 ; 34 Wis., 471 ; 17 Mass., 169 ; 3 Mich., 55 ; L. R., 1 C. P., 329.

C. H. COHEN ; S. F. WEBB, for defendant, cited Code, §2066 ; 2 Redf. Rys., 276, §197 ; Mayne Dam., §382 ; *Ib.*, §§16, 17, 22 ; 13 How. (U. S.), 307 ; Code, §§3065, 3066 ; 68 *Ga.*, 299 ; 58 *Ib.*, 433 ; 34 Eng. L. & Eq. R., 154 ; 58 *Ga.*, 180 ; 2 Redf. Rwys., 280 ; 9 Bosw., 413 ; Sedg. Dam., 145 ; 2 Suth. Dam., 375, 444 ; Code, §3867 ; 58 *Ga.*, 111 ; 1 Suth. Dam., 798 ; Sedg. Dam., 751. 144, 139, 138 note.

HALL, Justice.

The plaintiff, a theatrical manager, took passage for himself and troupe, consisting in all of seventeen persons, on board the defendant's train of cars, at Madison, Georgia,

late at night, for Augusta, which point, according to sched-ule time, should have been reached early the succeeding morning, in time to have enabled the plaintiff and his com-pany to have reached Columbia, South Carolina, early in the day, in full time to have given a performance there, according to their engagement, on that night, in accordance with an announcement previously made, and for which per-formance they had sold tickets amounting to $288. Owing to an obstruction of the defendant's railway track between Madison and Augusta, by a collision of two other trains of the defendant, the train on which the plaintiff and his troupe were traveling, instead of reaching Augusta in the morning, did not arrive at that point until the afternoon, too late to proceed and meet their engagement at Colum-bia, in consequence of which the money received for the tickets sold for the performance there had to be refunded. While the train was at the point of obstruction, the plain-tiff telegraphed the railroad officials at Augusta, informing them of the difficulty, and asking for an extra train, also claiming damages for the anticipated loss, by reason of his failure to meet the engagement at Columbia. This was the first intimation given the company of the plaintiff's arrangements. The telegram was sent at an unseasonable hour, and it does not appear that it reached the defendant's agents in time to remedy the difficulty, or that they had at command the means of so doing. The troupe had ad-vertised to perform at Augusta on the night following the one on which they were to perform at Columbia.

This suit was brought to recover damages sustained by this delay, and on the trial, the plaintiff recovered damages to the amount of $208, which was the sum refunded for tickets sold for the performance which was to have been given at Columbia, less the rail fare of the troupe from Augusta to that point and back.

The defendant moved for a new trial.

The first three grounds of this motion were that

(1), (2), (3.) The verdict was contrary to evidence, and

The Georgia Railroad vs. Hayden.

the principles of justice and equity; that it was decidedly and strongly against th weight of evidence, and without legal evidence to support it.

(4.) The court erred in refusing to sustain defendant's objection to testimony relative to plaintiff's engagement at Columbia, and the losses incurred by reason of his failure to meet the same.

(5.) The court erred in charging that "damages are given as compensation for the injuries sustained. Speculative damages cannot be recovered, but all damages traceable to the breach of contract can be recovered; the plaintiff should recover for any losses he suffered by the failure to bring his troupe to Augusta on schedule time. If the jury were satisfied from the evidence that the plaintiff had an engagement to perform with his troupe in Columbia, South Carolina, and purchased tickets and took passage upon defendant's train for the purpose of meeting the engagement, and was prevented from reaching Columbia in time by failure of defendant to deliver them in Augusta on schedule time, the defendant is liable to the plaintiff for the damages sustained by him in Columbia from not meeting his engagement, unless the defendant could show some valid reason for not delivering them on schedule time. If the delay was occasioned by the collision of defendant's own trains on its own road, caused by the conduct of its own employés, although the train upon which plaintiff had taken passage was not one of the colliding trains, this would be no legal excuse. The damage to be recovered by plaintiff is such as is traceable directly to the acts of defendant, and must be proved. Speculative damages cannot be allowed, but only so much as has been proved. It must appear that plaintiff made every reasonable effort to avert the loss."

In immediate connection, the court gave in charge, at the request of defendant's counsel, that this was an action to recover damages for a breach of contract; that it was an express contract to bring passengers to Augusta, and

there was an implied contract to bring them there in a specified time; that the breach was a failure to comply with the implied part of the contract. A distinction exists between the extent of liability for a tort and that for breach of a contract; that only such damages are recoverable for a breach of contract as are the natural and proximate causes of the breach; that the damages recoverable in an action like this are those actually sustained as the direct and necessary result of the breach of the contract.

The court, however, refused to charge, as requested in writing by defendant's counsel, that this is not an action for tort; that the damages include such only as are direct, and as the parties contemplated, when the contract was made, would be likely to result from its breach; that damages are recoverable only for such direct consequences as usually ensue from the breach of such a contract, and such as the parties contemplated, at the making of the contract, were likely to result from its breach; they must be such as are independent of the occupation, profession or calling of the person claiming to be injured; that damages which depend upon the particular character or business of one of the parties, cannot be recovered, unless known to the other party at the time of entering into the contract.

The new trial was refused, and this writ of error is prosecuted to reverse that judgment.

The breach of the contract by the defendant, and its consequent liability to proper damages, are both admitted. But it is contended here that the damages given were too remote, and were such as ought not to have been recovered; that this result was brought about by the refusal of the court to reject evidence in relation to the subject, by its charges, and its refusal to charge as requested by defendant's counsel.

We think these objections well taken. Every position assumed is well supported by the leading English case upon the subject, Hadley *vs.* Baxendale, 9 Exch. R., 341,

354, and by many others, both English and American, which follow that case, and extend the principles which it establishes. Wood's Mayne on Damages, 9–33; 1 Sutherland on Damages, 74–93, and cases cited by both authors. If these views required confirmation, our own Code furnishes it. Damages are too remote, whenever they cannot be "traced solely to a breach of the contract," and not then " unless they are capable of exact computation, such as profits, which are the immediate fruit of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract." Code, §2944. Even in the case of a wrong-doer, pure and simple, damages are too remote to be the basis of a recovery where contingent circumstances preponderate largely in causing the injurious effect. *Ib.*, §3072. But in all cases, damages, though traceable to the act, but which are not its legal or material consequence, are too remote. *Ib.*, §3073. It is only in cases, however, where the contract is broken, or a duty is omitted, with a knowledge and for the purpose of depriving the injured party of the benefits, that remote or contingent damages are made, by such knowledge and intent, proper subjects for the consideration of the jury. *Ib.*, §3074.

Judgment reversed.