47306.   CRAWFORD & ASSOCIATES, INC. v.
GROVES-KEEN, INC.

Argued July 6, 1972—Decided November 6, 1972—
Rehearing denied November 30, 1972—

*McClain, Mellen, Bowling & Hickman, A. O. Bracey, III, Arthur Gregory,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard,* for appellee.

QUILLIAN, Judge. *Code* § 20-1407 provides: "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach. (71 Ga. 518)."

In construing the contract the following salient facts should be noted. The consideration was expressly set forth as a specified percentage of gross commissions received from service performed by the defendant for certain former customers of the plaintiff. Although the customer list contained in excess of 80 names only 8 accounts were taken over by the defendant. The defendant reserved the right to re-sign any account. There were no extended contracts with any of the customers who were presumably able to terminate their arrangement with the plaintiff and consequently the defendant at any time. Both parties understood this.

There was evidence introduced as to the value of the plaintiff's good will. Plaintiff cites authority that such evidence shows a valid measure of damages. *Reid v. Bryant,* 100 Ga. App. 105, 110 (110 SE2d 571); *Shaw v. Jones, Newton & Co.,* 133 Ga. 446 (8) (66 SE 240). In *Shaw v. Jones, Newton & Co.,* 133 Ga. 446, 450, supra, it is held: "Upon the breach of a contract of sale of the good will of a busi-

ness, the measure of damages is the loss suffered by the purchaser by reason of the wrongful acts of the seller constituting the breach, and in estimating such damages all the facts and circumstances tending to show the extent thereof may be considered by the jury; but if the plaintiff fails to furnish sufficient data to enable the jury, with a reasonable degree of certainty and exactness, to estimate the actual damages sustained by the purchaser, then his recovery will be restricted to nominal damages." It is clear that these cases involve suits where the plaintiff was the purchaser and not the seller as here. Furthermore, they emphasize the fact that the plaintiff must furnish sufficient data to enable the jury, with a reasonable degree of certainty and exactness, to estimate the actual damages sustained.

"Damages growing out of a breach of contract, in order to form a basis of recovery, must be such as could be traced solely to breach, be capable of exact computation, must have arisen according to the usual course of things, and be such as the parties contemplated as a probable result of such breach. *Sanford-Brown Co. v. Patent Scaffolding Co.,* 199 Ga. 41 (33 SE2d 422). 'The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed. In other words, the person injured is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed.' 17 CJ 847, quoted and adopted in *Ga. Power Co. v. Fruit Growers Exp. Co.,* 55 Ga. App. 520, 527 (190 SE 669)." *Darlington Corp. v. Evans,* 88 Ga. App. 84, 90 (76 SE2d 72). "An injured party can not be placed in a better position than he would have been in if the contract had not been breached." *Lastinger v. City of Adel,* 69 Ga. App. 535, 536 (26 SE2d 158).

Here the plaintiff freely contracted to receive a consideration contingent on how the defendant fared with the plaintiff's former customers. There was no minimum amount of

money or number of accounts set forth. Clearly the plaintiff (and for that matter the defendant) did not contemplate that all or even a majority of the accounts would be maintained. The defendant, under the contract, agreed to direct a letter to those firms which composed the customer list of the plaintiff, advising that certain of the accounts of plaintiff had been acquired by the defendant. In practice only about 10% in number were "acquired" by the defendant, who could re-sign any of these and of course the firms composing the accounts could also "re-sign." Under such an arrangement the plaintiff could recover only for the commissions actually received, plus those which reasonably might have been accrued but for the breach. See *Code* § 20-1406. The burden was upon the plaintiff to establish such damages.

The previous profits of the plaintiff would not be a proper measure of damages since the defendant was only maintaining a portion of the accounts which contributed to the plaintiff's profit and income figures in 1967 and 1968. The plaintiff would have to show what its prospective gain would have been during the life of the contract.

The only sums which might have been projected were the figures based on the 8 accounts which the defendant took over from the plaintiff. These figures encompass a very limited time span from February to May 1969. The plaintiff introduced no evidence to show what its expected gain might be, and these figures without other data as to their future expectancy and probability of continuance would not be sufficient information to form the basis for the trior of fact to compute a projected loss figure.

Thus, a judgment in excess of the portion of the commissions earned until May 1969 can not be sustained.

2. The contract provided that the defendant "shall keep accurate books and records on the accounts covered by this agreement" and the plaintiff "shall have the privilege of auditing such books and records in the office" of the defendant "at a reasonable time and at a reasonable notice."

There was no requirement for the defendant to account

and no request by the plaintiff to audit the records until August 1969. Thus, the trial judge erroneously held: "Defendant failed to account to plaintiff for any receipts until October of 1969."

3. The trial judge properly denied the defendant's counterclaim. Under the contract, the plaintiff, and not the defendant, was entitled to the sums billed for the accounts on January 31, 1969.

4. The remaining enumerations of error are without merit.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*