54222. HOOD et al. v. HALLMAN et al.

SMITH, Judge.

Hood, as executrix for the estate of Essie Johnson, appeals the judgment of the trial court sitting without a jury. She enumerates as error the trial court's finding the contract involved to be a valid and binding one, the court's admission of certain testimony, and its calculation of damages. The trial court committed no error, and we affirm.

Hallman sued Hood and Neeson, co-executors of Essie Johnson's estate, for breach of contract. The facts show that Hood and Neeson, pursuant to the authority granted them in Johnson's will, contracted with Hallman to sell him part of the estate, a thirty-eight acre tract of

land. The contract called for a purchase price of $70,425. Hood was reluctant to sell the land for that price, but her attorney and Neeson convinced her that the sale was necessary for the estate to pay its debts. Hood testified that it was her voluntary decision to sign the contract. As none of the parties knew the exact description of the acreage, they provided in the contract that a survey be accomplished before closing. In preparing for closing, Hallman expended $700 in having the survey done and $500 in hiring an attorney to examine title. On the day set for closing, Hallman and Neeson were prepared to close the deal, but Hood failed to appear. Hallman's and Neeson's subsequent attempts to close the deal came to no avail because of Hood's failure to cooperate.

The trial court concluded that Hood had caused the estate to breach a valid and binding real estate contract and awarded Hallman compensatory damages of $20,775. The court determined the award by subtracting the contract price from a fair market value of $90,000 and adding to that difference the $1,200 Hallman had expended in preparing for closing. On finding that Hood had entered the contract in bad faith and that she had acted in a stubbornly litigious manner, the court also awarded Hallman $1,028 as expenses of litigation.

1. The evidence, showing no undue influence or overreaching, amply supported the trial court's conclusion of law that the real estate contract was valid and binding.

2. Hood failed to object to Hallman's expert testimony as to the fair market value of the tract in issue, and she will not be heard to complain for the first time on appeal. *Kingston v. State,* 127 Ga. App. 660 (194 SE2d 675). Furthermore, since Hallman testified that he had been a real estate broker and salesman in the area for seven years, that he had been involved in about four hundred land sale transactions, and that he was familiar with the thirty-eight acre tract, any objection to his giving his opinion would have been meritless. Code § 38-1709.

3. The measure of damages for breach of a contract to sell land is the difference between the contract price and the fair market value at the time of the breach. *King v. Brice,* 145 Ga. 65 (3) (88 SE 960). The court properly

utilized that standard. Also, the court correctly awarded Hallman as compensatory damages the amount he had expended in having the land surveyed and title examined. Code § 20-1402. Finally, as the evidence warranted the court's finding that Hood had acted in bad faith and in a stubbornly litigious manner, the award of court costs was proper. Code § 20-1404.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JUNE 28, 1977 — DECIDED OCTOBER 13, 1977.

*Melvin Robinson,* for appellants.
*Richard W. Wilson, Jr.,* for appellees.