55754. THOMAS v. HENKIN et al.

SMITH, Judge.
We affirm the trial court's grant of appellees' motion for summary judgment.
Appellant sued for breach of an employment contract and for fraud. He claimed his employer, appellee Henco Electronics (entirely owned by appellee Henkin), on

August 7, 1975, fraudulently induced him into employment by orally promising that it would procure health insurance for him and that it would give him two weeks written notice before terminating his employment. Appellant further claimed that appellee Henco had terminated his employment without giving any written notice and that it had failed to provide him with health insurance. Appellees introduced into evidence a written employment contract, signed on August 7, 1975, by appellant and by appellee Henkin for Henco, which contained no promise to procure health insurance and which provided, "There are no contemporaneous oral agreements between the parties concerning the subject matter of this Agreement, and this Agreement constitutes the entire Agreement between the parties and cannot be modified by parol." Also introduced into evidence was Henkin's affidavit stating appellant had never been terminated from employment but that he had "walked off the job." Appellant introduced no evidence opposing the motion for summary judgment but relied solely on the allegations in his pleadings.

In the written contract of employment appellees made no promise to procure insurance for appellant. Appellant did not contend that anything was omitted from the written contract which should have been contained therein, and the merger clause indicated that nothing was omitted. The alleged oral promise to procure insurance, supposedly made contemporaneously with the written contract, thus merged into the contract and cannot serve as the basis for an action in fraud or in contract. *Slaten v. College Park Cemetery Co.,* 185 Ga. 27(1) (193 SE 872) (1937); Code § 20-704(1). Furthermore, the evidence is uncontradicted that appellant's employment was never terminated, and the appellees' alleged failure to provide notice is of no consequence. No material issues of fact remaining as to appellant's alleged causes of action, the grant of summary judgment was proper. *Crutcher v. Crawford Land Co.,* 220 Ga. 298(3) (138 SE2d 580) (1964).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED APRIL 4, 1978 — DECIDED JULY 3, 1978.

*James R. Jester,* for appellant.
*Cotton, Katz, White & Palmer, J. Timothy White, Kenneth T. Gartlir,* for appellees.