66544. KELSON COMPANIES, INC. v. FEINGOLD et al.

POPE, Judge.

Plaintiff-appellant Kelson Companies, Inc. brought suit against defendants-appellees Marilyn Loeb Feingold, Arthur Rubloff & Co., Clarence William Wrigley, and Clayton McClendon, Inc., seeking the return of earnest money paid pursuant to contracts of sale and for damages claimed as a result of alleged fraud and misrepresentation. After a period of discovery, defendants-appellees moved for summary judgment as to all issues, which motion was granted by the trial court. Kelson Companies, Inc. now appeals, maintaining as its sole enumeration of error that material facts remain. We disagree and affirm.

Kelson Companies, Inc., sought to purchase two adjoining tracts of property near the intersection of Piedmont Road and the Marion Road extension in Atlanta. Kelson Companies, Inc. acted through its president, Kelly Herold, and intended to develop the properties by moving existing, but condemned, apartment properties onto a portion of the land and converting the apartments into office

condominiums. The properties were owned by appellees Marilyn Loeb Feingold and Clarence William Wrigley. Mrs. Feingold was represented by appellee Arthur Rubloff & Co. of Georgia, Inc.; Mr. Wrigley by appellee Clayton McClendon, Inc.

Two contracts for the sale of the properties were executed in November 1981. Special stipulations in the contracts made each contingent upon consummation of the other sales agreement. Additionally, each contract was contingent upon the ability of Kelson Companies, Inc. to obtain the legal documents and building permits necessary to achieve the purchaser's goal of developing office condominiums. Difficulties with the deposit of earnest money in connection with the contracts prompted the parties to enter into two new contracts which superseded the earlier ones. The second set of contracts was negotiated for Kelson Companies, Inc. by Kelly Herold, without the participation of the attorney who had assisted in the formulation of the first contracts. The second set of contracts differed materially from the first set in that the contingency regarding the obtaining of necessary legal documents and building permits was deleted. The contracts contained a standard merger clause and further provided that Kelson Companies, Inc. was to make any objections affecting marketability of title to the sellers in writing; if the sellers were unable to satisfy all valid objections, then Kelson Companies, Inc. had the option of voiding the contracts.

Closing was to be on or before January 5, 1982; time was declared to be of the essence. Kelson Companies, Inc. deposited the necessary earnest money. The contracts stipulated that in the event the purchaser was unable or refused to perform, one-half of the earnest money was to be distributed to the broker as part payment toward commission, and the remaining one-half would go to the seller "as liquidated damages of seller, if seller claims balance as seller's liquidated damages in full settlement of any claim for damages. . . ."

At the time the contracts were executed, Kelly Herold, acting for Kelson Companies, Inc., was aware of three problems which had to be solved to accommodate the commercial use he envisioned. First, a billboard on the Feingold property would have to be moved. The parties provided in the contract that the seller would move it in accordance with the written agreement between the seller and the billboard company, or sooner if permitted by the billboard company. Second, a monument maintained by the Ambassador Apartments, an adjoining landowner, appeared to be on the Feingold property. Mrs. Feingold specifically warranted in the contract that she had given no license, lease or other permission for such a monument. Third, commercial use would require an outlet to the Marion Road extension, and a permit for such an outlet would have to be obtained

from the City of Atlanta.

In the short period between execution of the second contracts and the time set for closing, Mr. Herold set about investigating and attempting to solve these problems. In his affidavit made in opposition to the motion for summary judgment, Mr. Herold averred that he learned that the owners of the monument claimed a right to maintain the monument; that he attempted to secure final approval from the City of Atlanta for an outlet but was unable to get "unqualified authority" from the city, although he was told that he likely would get permission; and, in regard to the billboard, Mr. Herold learned that it could not be moved immediately, although it could be moved. At no time did anyone acting for Kelson Companies, Inc. object, in writing, to the marketability of title of the properties under contract. Mr. Herold avers that because of these "limitations" he could not use the property for office condominiums, and thereafter he informed the sellers that he would not close and requested the return of his earnest money, which the sellers refused to do.

Where contractual provisions are unambiguous, interpretation of those provisions is a question of law for the court, and the court is not free to revise contracts while professing to construe them. *Brigadier Indus. Corp. v. Pippin,* 148 Ga. App. 145 (251 SE2d 114) (1978). On a motion for summary judgment, an adverse party may not rest upon his pleadings, but must adduce specific facts to show a genuine issue for trial. *Curtis v. Todd Auction Co.,* 159 Ga. App. 863 (285 SE2d 596) (1981). Therefore, appellant must show some fact which would trigger a contingency in the contracts or otherwise release it from performance; appellant has not done so. The evidence in the record merely gives rise to the inference that Kelson Companies, Inc. discovered that the conversion of the properties to the use it desired would not be as easy or as profitable as it wished. In the second contracts, appellant shed the protection of the contingency of developing the property for a particular use. Appellant further agreed that each written contract contained the entire agreement. Thus, any understanding not embodied in the writing is irrelevant. See OCGA § 13-2-2 (1) (Code Ann. § 20-704); *Thomas v. Henkin,* 146 Ga. App. 508 (246 SE2d 501) (1978). Nor is there evidence in the record to support any allegation of fraud or misrepresentation. Indeed, appellees specifically averred that no misrepresentations regarding the property were made, and appellant produced no facts rebutting this and instead relied on vague and conclusory statements. Thus, the trial court properly entered summary judgment in favor of appellees.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 13, 1983.

*J. Caleb Clarke III, John Tye Ferguson,* for appellant.
*Richard W. Stephens, Emory A. Schwall, Fredric Chaiken,* for appellees.