## 67505. EXECUTIVE CONSTRUCTION, INC. et al. v. GEDULDIG.

SHULMAN, Presiding Judge.

The lawsuit involved in this appeal arose from the construction of a house by plaintiffs/appellants for appellee. Plaintiffs sued under theories of contract and quantum meruit for work done in constructing the house; appellee counterclaimed to recover damages for improperly done work. This appeal is from a judgment entered on a verdict for appellee in the amount of $25,000.

1. One item of damages sought by appellee in his counterclaim was increased interest costs on the permanent loan with which he financed the purchase of the house. He contended that the increased cost was due to appellants' failure to complete the house within the time specified in the contract. Appellants argue on appeal that the trial court erred in instructing the jury on that issue because the evidence did not support such a recovery. We cannot agree.

The contract for the construction of the house was signed on January 11 and provided a completion time of six months. Appellee produced evidence which would authorize the jury to find that the completion of the project was delayed by appellants' failure to comply with the contract. Appellee also produced evidence that the interest rate for loans in July when the contract should have been completed was one-half percentage point lower than in October when the loan was closed. An accountant, whose qualifications as an expert are not

challenged, testified that the increased interest rate, applied to a loan in the amount of the loan procured by appellee, would result in an increased cost of more than $16,000. There was also evidence from appellee showing that his concern regarding rising interest rates was communicated to appellants during the negotiation of the contract. It appears, therefore, that the jury would have been authorized to conclude that appellants' failure to comply with the contract resulted in increased interest costs to appellee and that such damages were within the contemplation of the parties at the time the contract was made. OCGA § 13-6-2. The evidence authorized the award of damages for increased interest costs.

2. Appellants argue that the instructions on recovery of increased interest costs were error for an additional reason. The trial court gave appellee's requested instructions to the effect that increased interest costs were recoverable and also gave appellants' requested instruction to the effect that such damages were not recoverable. Although we agree with appellants that the trial judge erred in giving contradictory instructions to the jury, we do not find that appellants were harmed by the error. As we have noted above, the evidence authorized the recovery of increased interest costs. That being so, the erroneous charge that appellee could *not* recover those damages was more favorable to appellants than was warranted and does not require reversal. *Walton v. Sikes*, 165 Ga. 422 (Hn. 3 (c)) (141 SE 188).

3. Appellants' third and fourth enumerations of error also involve the issue of increased interest costs. They argue on appeal that the trial court erred in failing to charge the jury that any award of prospective damages in the form of increased interest costs would have to be reduced to the present value of those costs. However, appellants have offered no authority for their position and we are aware of none. Furthermore, it does not appear that a jury instruction on that issue was requested by appellants or that there was an objection to the failure to charge on that issue. These enumerations of error are, therefore, without merit. *Williams v. Kennedy*, 240 Ga. 163 (2) (240 SE2d 51).

4. Appellants complain in their fifth enumeration of error about a jury instruction on fraud, contending that no issue of fraud was properly in the case and that the charge was an incorrect statement of the law. As appellee correctly points out, however, the issue of fraud was very clearly raised in appellee's counterclaim and the evidence authorized an instruction on that issue. The charge given was taken from this court's opinion in *Rose Mill Homes v. Michel*, 155 Ga. App. 808 (2) (273 SE2d 211). Appellants' complaints are not well founded.

5. The sixth enumeration of error, concerning a charge on the doctrine of passive concealment, is likewise meritless. The issue was suggested by the pleadings and was the subject of considerable testi-

mony at trial, and the charge was correct. *Worthey v. Holmes*, 249 Ga. 104 (2) (287 SE2d 9). There was no error in the giving of the instruction.

6. In three enumerations of error, appellants contend that certain cancelled checks drawn by appellee should not have been admitted into evidence because there was no proof that the checks were issued as payment for corrective work on appellee's house. That contention is sharply at variance with the record. Appellee testified that he wrote the checks in payment for work done on the house to correct appellants' mistakes. The payees also testified to that same effect. Although the witnesses were unable to specify in every instance the exact work for which particular payments were made, there was more than enough evidence that the checks were drawn for the reasons asserted by appellee. There was no error in their admission.

7. Appellants offered in evidence several letters that appellant Goldin wrote to appellee and to the architect who designed the house involved in this controversy. The trial court sustained appellee's objections to the admission of the letters and excluded them as self-serving declarations. We find no error in that ruling.

Appellants' argument with regard to all the letters is that they should be admitted as exceptions to the self-serving declarations rule because they are part of the res gestae. We cannot agree. The letters in question, with the exception of one, were written well after the work on appellee's house was terminated, so they cannot be said to be a part of the occurrence or to be "so nearly connected therewith in time as to be free from all suspicion of device or afterthought . . ." OCGA § 24-3-3. See *Stanton v. Stanton*, 213 Ga. 545 (6) (100 SE2d 289). The other letter, appellants' Exhibit 35, contained a list of appellants' contentions regarding liability for various items of work done and was excludable for the reasons set forth in *George W. Muller Mfg. Co. v. Benton*, 137 Ga. 411 (3) (73 SE 669). We see nothing in the record to take the letters out of the general rule against self-serving declarations and find no error in their exclusion. *Denton v. Etheridge*, 73 Ga. App. 221 (3) (36 SE2d 365).

8. Prior to trial, the trial court issued an order in which it terminated discovery. Appellants contend that the allegedly premature curtailment of discovery was erroneous. We disagree.

The appellate courts of this state " 'will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion.' [Cits.]" *Ambassador College v. Goetzke*, 244 Ga. 322, 323 (260 SE2d 27). The order terminating discovery in the present case recites that the "emotions of the attorneys involved" and of the witnesses and parties had prevented an intelligent ruling on the various motions regarding discovery. It appears, then, that the trial court was exercising its discretion to alleviate a situation created by both sides of this case.

We see no abuse of discretion.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

Decided March 9, 1984 —
Rehearing denied March 29, 1984.

*Timothy J. Sweeney*, for appellants.
*Sarah M. Wayman*, for appellee.