## 68495. CROFT v. KAMENS.

DEEN, Presiding Judge.

On July 17, 1980, the appellant, Irene Croft, entered into a real estate sales contract to purchase residential property from the appellee, Jerry Kamens, for the price of $235,000. Because the appellant was unable to sell her own residence and thereby obtain the funds to purchase the appellee's property by the closing date of December 15, 1980, she defaulted. (The appellant had actually warned the appellee of her probable inability to close the sale in late September 1980, and on approximately December 10, 1980, the appellee contracted with another party for the sale of the property, but for a price of $200,000.) The appellee commenced this action, seeking as damages for the breach of the sales contract the difference between the contract price and the fair market value of the property at the time of the breach.

During the trial, the primary evidence adduced as to the fair market value of the property at the time of the breach consisted of the opinion testimony of the appellee ($200,000), the appellant's husband ($235,000), and that of a real estate appraiser ($220,000 to $230,000). The jury returned a verdict of $30,000 for the appellee. On appeal, Croft contends that the trial court erred in failing to direct a verdict or grant a judgment notwithstanding the verdict for her, on the basis that there was no competent evidence to support the jury's verdict. *Held*:

OCGA § 24-9-66 provides that "[d]irect testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the articles in question but may testify as to its value if he has had an opportunity for forming a correct opinion." Before a witness may give his opinion as to value, however, "he must give his reasons for forming that opinion by showing that he had some knowledge, experience, or familiarity as to the value of the item." *Toney v. Johns*, 153 Ga. App. 880, 881 (267 SE2d 298) (1980); accord *Varnedoe v. Singleton*, 154 Ga. App. 332 (268 SE2d 387) (1980).

In this case, the appellee testified that he had purchased the property in 1977 for approximately $130,000, and that he had expended $40,000 on repairs and renovations. In the spring of 1980, he and his wife having divorced, the property was placed up for sale, with the original asking price of $260,000. Because of the appellant's offer to purchase for $235,000, the appellee had rejected another offer at $232,500. In between the execution of the sales contract on July 17, 1980, and the date of the breach, the interest rates had drastically increased (from around ten percent to around eighteen percent), making it much more difficult to sell property. Based on his familiarity with the property due to having lived there and having made extensive repairs, his awareness of current trends in the real estate market,

and because of the prevailing high interest rates, the appellee was of the opinion that the property's fair market value as of December 15, 1980, was $200,000, the price he actually received for the property.

We conclude that a sufficient foundation was provided to allow the appellee's testimony as to the value of the property at the time of the breach of the sales contract. See *Maddox v. State*, 157 Ga. App. 696, 697 (278 SE2d 480) (1981). The other evidence presented by the appellant as to the property's value served to impeach the appellee's opinion but did not affect its admissibility. Because this opinion evidence of the appellee was admissible and probative, the trial court properly declined to direct a verdict or grant a judgment notwithstanding the verdict for the appellant. "Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their own knowledge and ideas." *Varnedoe v. Singleton*, supra at 333.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 25, 1984.

*Jack A. Wotton*, for appellant.
*Charles M. Hall*, for appellee.