## 69699. QUIGLEY v. JONES et al.

### (332 SE2d 7)

BENHAM, Judge.

Appellees contracted to purchase appellant's home but did not consummate the purchase, which led appellant to sue them for damages for breach of contract. The trial court granted summary judgment in appellant's favor on the issue of liability, but this court reversed that judgment in *Jones v. Quigley*, 169 Ga. App. 862 (315 SE2d 59) (1984). Before trial, appellees filed a motion in limine to establish the proper measure of damages and to restrict the evidence of damages appellant would be allowed to offer at trial. The trial court, citing *Hood v. Hallman*, 143 Ga. App. 507, 508 (239 SE2d 194) (1977), granted the motion, stating that the proper "measure of damages for breach of contract to sell land is the difference between the contract price and the fair market value at the time of the breach." His application for interlocutory review having been granted, appellant cites the trial court's ruling as error. We affirm.

" 'Damages growing out of a breach of contract, in order to form a basis for recovery, must be such as could be traced solely to breach, be capable of exact computation, must have arisen according to the usual course of things, *and be such as the parties contemplated [when the contract was made] as a probable result of such breach.'* [Cit.]" (Emphasis supplied.) *Crawford & Assoc. v. Groves-Keen, Inc.*, 127 Ga. App. 646, 650 (194 SE2d 499) (1972); OCGA § 13-6-2.

Appellant seeks damages for the utility bills, insurance coverage, ad valorem taxes, repair and maintenance costs, and loss of use of the net sales proceeds for the house appellees failed to purchase. He bases his claim on the fact that appellees knew that he was planning to purchase a larger house and that he would have to pay those expenses for his new residence. Appellant, an attorney with a real estate practice and a licensed real estate broker, prepared the sale contract that appellees signed and allegedly breached. The contract states that it "constitutes the sole and entire agreement among the parties hereto and no modification of this Contract shall be binding unless attached hereto and signed by all parties hereto. No representation, promise, or inducement not included in this Contract shall be binding upon any party hereto." Although the record indicates that appellees had been told that appellant and his family were planning to acquire another house, there was nothing in the contract indicating such knowledge or that appellees would in any way be liable to appellant for his increased costs resulting from the acquisition if a breach occurred. Since appellant "agreed that [the] written contract contained the entire agreement . . . , any understanding not embodied in the writing is irrelevant. See OCGA § 13-2-2 (1)." *Kelson Cos. v. Feingold*, 168 Ga. App. 391, 393 (309 SE2d 394) (1983).

Therefore, the measure of damages for breach of the land sale contract was stated correctly by the trial court. *Tuten v. Beckham*, 162 Ga. App. 101 (290 SE2d 205) (1982). See also *Croft v. Kamens*, 171 Ga. App. 105 (318 SE2d 809) (1984). Moreover, it was proper for the trial court to state the measure of damages, for while the amount of damages is a question of fact, the measure of damages is a question of law. See OCGA §§ 13-6-2; 13-6-4; *Prudential Timber &c. Co. v. Collins*, 144 Ga. App. 849 (3) (243 SE2d 80) (1978).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 2, 1985 —
REHEARING DENIED MAY 17, 1985 —

*Theodore Salter, Jr., Baxter L. Davis, Douglas P. Roberto, Kenneth I. Sokolov*, for appellant.

*James A. Gober, Edward S. Sams*, for appellees.