42413. QUIGLEY v. JONES et al.
(334 SE2d 664)

MARSHALL, Presiding Justice.

This case, *Quigley v. Jones,* 174 Ga. App. 787 (332 SE2d 7) (1985), is here on certiorari.

In this case, Quigley, as seller, is suing Jones, as purchaser, for breach of a real estate sales contract. It has long been the rule that the measure of damages for breach of a contract to sell land is the difference between the contract price and the fair market value of the land at the time of the breach. *King v. Brice,* 145 Ga. 65 (3) (88 SE 960) (1916); *Brooks v. Miller,* 103 Ga. 712 (3) (30 SE 630) (1898); *Hood v. Hallman,* 143 Ga. App. 507 (3) (239 SE2d 194) (1977); *City Council of Augusta v. Mertins,* 46 Ga. App. 711 (168 SE 924) (1933). The trial court granted a motion in limine filed by Jones, thereby restricting the evidence of damages to the difference between the contract price and fair market value at the time of breach.

On interlocutory appeal, the Court of Appeals affirmed. The Court of Appeals recognized the general rule that, "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." OCGA § 13-6-2; *Crawford & Assoc. v. Groves-Keen, Inc.,* 127 Ga. App. 646, 650 (194 SE2d 499) (1972). See also OCGA § 13-6-8. The Court of Appeals also recognized the previously discussed special rule as to damages recoverable for breach of a contract to sell land. The Court of Appeals affirmed the superior court on the basis of a clause in the parties' contract providing that the contract itself contained the entire agreement of the parties, and " '[n]o representation, promise, or inducement not included in this Contract shall be binding upon any party hereto.' " *Quigley v. Jones,* supra, 174 Ga. App. at p. 787. We affirm the trial court's ruling, but for a somewhat different reason than the Court of Appeals.

As recognized by the Court of Appeals, the foregoing contractual clause in effect incorporated the parol-evidence rule into the parties' contract. See OCGA § 13-2-2 (1); *Kelson Cos. v. Feingold,* 168 Ga. App. 391, 393 (309 SE2d 394) (1983). We do not agree that the parol-

evidence rule precludes the recovery of direct or consequential damage items not mentioned in the parties' contract. We do agree, however, that under the rule regarding recovery of damages for breach of a real estate sales contract, there can be no recovery for the damage items sought here in the absence of a clause in the parties' contract expressly authorizing such recovery.[1]

*Judgment affirmed. All the Justices concur, except Hill, C. J., Smith and Bell, JJ., who dissent.*

HILL, Chief Justice, dissenting.

The majority apply the rule that the measure of damages for breach of a contract to sell land is the difference between the contract price and the fair market value of the land at the time of the breach. If the contract price is fair, as it should be, a purchaser who breaches a contract to buy land will not be liable in damages under this rule, notwithstanding the fact that the seller has been delayed in disposing of the property and has been required to bear the expenses incurred by reason of such delay (e.g., continued insurance coverage, utility bills, maintenance costs, ad valorem taxes, and loss of use of the proceeds of the sale).

The majority qualify this restrictive measure of damages by holding that there can be no recovery of additional damages in the absence of a clause in the parties' contract expressly authorizing such recovery. In the contract at issue in this case it was provided as follows: "Purchaser agrees that, in the event the sale is not closed because of purchaser's inability, failure or refusal to perform any of purchaser's covenants herein, the earnest money [$6,000] is to be applied by seller to seller's damages, but receipt of such earnest money by seller shall not prejudice or eliminate seller's rights to obtain specific performance and/or recover additional damages under this contract." As I read the contract, it contains the very clause expressly authorizing the recovery of additional damages the majority say would authorize such recovery.

Where a contract has been breached, whether it be a contract for the sale of land or any other contract, the law, OCGA Title 13, Chap-

---

[1] The contract here contained the following language: "Purchaser agrees that, in the event the sale is not closed because of purchaser's inability, failure or refusal to perform any of purchaser's covenants herein, the earnest money [$6,000] is to be applied by seller to seller's damages, but receipt of such money by seller shall not prejudice or eliminate seller's right to obtain specific performance and/or recover additional damages under this contract."

We interpret this to mean that should seller be entitled to damages, as measured by the difference in contract price and fair market value at the time of breach, the earnest money shall be applied to those damages. Nor does the receipt of earnest money *preclude* recovery of additional damages. But this language does not take the next step and expressly authorize recovery of additional damages such as are sought in this case.

ter 6, provides what damages shall be recoverable, unless the parties specify in their contract what amount the damages for a breach shall be. OCGA § 13-6-7. The majority reverse this statutory scheme and hold, in effect, that damages for breach of a contract for the sale of land will not be recoverable unless the parties agree in their contract that damages authorized by our code shall be recoverable.

OCGA § 13-6-2 authorizes the recovery of damages in this case. It provides that "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." I would hold that where a seller puts property on the market for sale, and a purchaser contracts to purchase it and thereafter breaches such contract, the parties necessarily contemplated that the seller would be delayed in disposing of the property and would incur damages (continued insurance coverage, utility bills, maintenance costs, ad valorem taxes, and loss of use of the proceeds of the sale) as a result of the purchaser's breach of contract. I therefore dissent.

I am authorized to state that Justice Smith and Justice Bell join in this dissent.

DECIDED OCTOBER 1, 1985 —
RECONSIDERATION DENIED OCTOBER 17, 1985.

*Davis, Matthews & Quigley, Baxter L. Davis, Kenneth I. Sokolov,* for appellant.
*Arnall, Golden & Gregory, James A. Gober,* for appellees.