## 76454. DENNY et al. v. NUTT.
(375 SE2d 878)

BENHAM, Judge.

We granted this interlocutory appeal to review the trial court's grant of partial summary judgment to appellee, which prevents appel-

lants from pursuing their claim for money damages in their real estate sales contract action.

Appellants Mr. and Mrs. Denny contracted to buy a home in Rockdale County from appellee Nutt. The sales contract provided that the Dennys would procure financing at 9 percent per annum, and they did procure a commitment for such financing. However, Nutt refused to consummate the sale, and the Dennys sued him for specific performance and for money damages for breach of contract. The breach of contract damages they seek to recover are fees paid to the mortgage company to procure the loan commitment, lost time from work, moving expenses, and the amount they would have to pay in excess of the 9 percent interest rate when and if the loan closes. The trial court granted partial judgment to appellee as to those items, and this interlocutory appeal followed.

1. Appellants contend that the trial court erred in disallowing damages for loan application costs, moving expenses, and loss of time from work. "It has long been the rule that the measure of damages for breach of a contract to sell land is the difference between the contract price and the fair market value of the land at the time of the breach. [Cits.]" *Quigley v. Jones*, 255 Ga. 33 (334 SE2d 664) (1985), affirming *Quigley v. Jones*, 174 Ga. App. 787 (332 SE2d 7) (1985). In *Quigley*, the trial court specifically denied recovery for utility bills, insurance coverage, ad valorem taxes, repair and maintenance costs, and loss of use of net sales proceeds, and both appellate courts upheld that ruling. The items of damage appellants seek to recover, while not identical to those sought and rejected in *Quigley*, are of the same kind and character, and so we hold that "in the absence of a clause in the parties' contract expressly authorizing such recovery," there can be no recovery of those damages for breach of a real estate sales contract. *Quigley*, 255 Ga. at 34. See also *Dept. of Transp. v. Arapaho Constr. Co.*, 180 Ga. App. 341 (5) (349 SE2d 196) (1986).

2. Appellants also enumerate as error the trial court's grant of summary judgment to Nutt on the issue of increased interest costs, relying on this court's decision in *Executive Constr. v. Geduldig*, 170 Ga. App. 560 (317 SE2d 564) (1984), wherein the plaintiff was allowed to recover for increased interest costs he was required to pay due to the builder's failure to complete construction within the time specified in the contract. Appellants' brief cites numerous cases from foreign jurisdictions which also favor the granting of damages for increased interest rates. We do not find the cited authorities to be persuasive. The general rule applicable here is that "[d]amages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach [i.e., general damages] and such as the parties contemplated, when the contract was made, as the probable result of its breach [i.e., consequential dam-

ages]. [Cits.]" *Quigley v. Jones*, supra, 255 Ga. 33. *Executive Constr.*, supra, was decided in accordance with the general rule but is distinguished from the case before us, inasmuch as in *Executive Constr.*, the plaintiff "produced evidence that the interest rate for loans in July when the contract should have been completed was one-half percentage point lower than in October when the loan was closed . . . [and showed that it] would result in an increased cost of more than $16,000. There was also evidence from [the plaintiff] showing that his concern regarding rising interest rates was communicated to [the defendants] during the negotiation of the contract. It appears, therefore, that . . . such damages were within the contemplation of the parties at the time the contract was made." Id., Division 1. In other words, the plaintiff showed that the damages he sought to recover were consequential damages contemplated by the parties when the contract was made. We have no such evidence in the record before us to support appellants' contention that they should be allowed to recover damages for the increase between the 9 percent interest rate specified in the contract and "the rate they will ultimately have to pay if the trial court grants specific performance." The contract here does make reference to the fact that appellants were to obtain a 9 percent loan, but there is no showing that the parties intended for damages to be awarded if the contract did not close and appellants were therefore required to obtain another loan at a higher interest rate. Although appellants claim in their brief that "the evidence will show that appellee was warned before appellants' commitment expired that his refusal to close would mean greatly increased interest rates for appellants," they either failed to produce such evidence below or failed to include it in the record on appeal, since we do not have it before us. It is the duty of the party asserting error to show it by the record, and assertions of evidence in briefs cannot satisfy this duty. *York v. Miller*, 168 Ga. App. 849 (310 SE2d 577) (1983). Since appellants have not satisfied their duty here, we must affirm the trial court's decision. Id.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 14, 1988 —
REHEARING DENIED NOVEMBER 28, 1988 —

*Gary C. Harris*, for appellants.
·*King, Taylor & Stovall, James F. Stovall III*, for appellee.