## A89A0189. WELCH et al. v. HOLLEY.
(382 SE2d 128)

Pope, Judge.

Plaintiff Daniel F. Holley, Sr., operated a barbeque restaurant business in Columbus, Georgia. In early 1983 plaintiff was approached by defendant Buddy Welch, a real estate agent, who inquired whether plaintiff would be interested in selling his business because Welch knew of an individual who might be interested in purchasing the restaurant. Defendant Welch had been asked by Ronald Price, the uncle of defendant Welch's ex-wife, to find a restaurant in the Columbus area for him to purchase. Price, the purchaser, lived in the Atlanta area and preliminary negotiations were conducted by defendant Welch who conveyed information and offers between the plaintiff and the purchaser. Plaintiff originally offered to sell the restaurant for $30,000 cash. Defendant Welch later informed plaintiff that the purchaser was interested if the price could be negotiated. Plaintiff agreed to a price of $27,500 and agreed to retain defendant Welch as his agent in the transaction by paying a commission of $2,500 at closing. After further negotiations conducted by defendant Welch, plaintiff agreed to a sale price of $27,000 to be partially financed by plaintiff with a reduction in Welch's commission to $2,200.

Originally, the plaintiff asked for a $10,000 down payment from the purchaser. Defendant Welch informed plaintiff that the purchaser would have $10,000 upon the sale of his Atlanta house and the collection of a bonus due from his employer. However, defendant Welch told plaintiff the purchaser wanted to buy a house in Columbus and make certain improvements to the restaurant and thus wished to make only a $5,000 down payment. Ultimately, plaintiff and the purchaser met and agreed to a $5,000 cash down payment with $2,500 due in sixty days from the closing and another $2,500 due in ninety days from closing. The remainder of the sale price was to be financed by the plaintiff over ten years with the plaintiff obtaining a security interest in the restaurant equipment and the purchaser's personal property.

Defendant Welch obtained an attorney to prepare closing documents. Plaintiff testified he asked defendant Welch if he needed to retain his own attorney but Welch told him the attorney would be able to represent both parties at closing. The closing attorney testified he was hired by defendant Welch to represent the purchaser at the closing. The attorney asked defendant Welch whether he should prepare a security agreement but was instructed not to do so. The closing documents included a Uniform Commercial Code Financing Statement Form F1, but did not include a security agreement granting plaintiff a security interest either in the restaurant equipment or in the purchaser's personal property. Neither the closing attorney nor

defendant Welch informed plaintiff that the UCC form signed by him at the closing would not, in itself, convey to him a security interest in any property. At closing, the purchaser paid plaintiff the $5,000 down payment but no further payment was ever made. Plaintiff brought suit against the purchaser, defendant Welch and defendant Jerry Harold Lindsey, the owner of the real estate agency which employed defendant Welch and with whom defendant Welch shared his commission fee. Plaintiff's complaint alleged negligence and fraud. Judgment was entered on the jury verdict in favor of plaintiff in the amount of $15,000. Defendants Welch and Lindsey appeal.

1. In enumerations of error 1, 2 and 4, defendants argue the trial court erred in denying their motion for directed verdict. "Suppression of a material fact which a party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." OCGA § 23-2-53. From his agreement to act as agent for plaintiff, defendant Welch was under a fiduciary obligation to act in plaintiff's best interest. The evidence presented at trial was sufficient to create an issue for jury determination as to whether defendant Welch fraudulently failed to inform plaintiff that the documents executed at closing did not grant him a security interest in the purchaser's property, as plaintiff had requested. Consequently, the trial court did not err in denying defendants' motion for directed verdict as to plaintiff's claim for fraud.

Ordinary diligence and care is required of an agent while acting on behalf of his principal. OCGA § 10-6-22. The evidence presented at trial was sufficient to create an issue for jury determination concerning whether defendant Welch was negligent in representing plaintiff in the sales transaction. Consequently, the trial court did not err in denying defendants' motion for directed verdict as to plaintiff's claim for negligence.

2. In enumeration of error number 3, defendants argue plaintiff failed to present evidence to support his claim for damages. We reject defendants' argument that plaintiff's sole measure of damages is the value of the property in which he would have possessed a security interest if the proper security agreement had been drafted and executed at closing. The measure of plaintiff's damages is the amount owed to him by the purchaser who defaulted on the sale agreement.

3. Because we find the evidence does not demand a verdict in favor of defendants, the trial court did not err in denying defendants' motion for judgment notwithstanding the verdict.

4. Actual fraud will support an award of punitive damages. *Club Mediterranee v. Stedry*, 159 Ga. App. 53 (2) (283 SE2d 30) (1981). As noted in Division 1 of this opinion, sufficient evidence was presented from which a jury could find defendant Welch knowingly and fraudu-

lently failed to inform plaintiff that the closing documents did not grant him a security interest in the purchaser's property. Consequently, the trial court did not err in instructing the jury on the imposition of punitive damages.

5. The trial court did not err in instructing the jury on the law of constructive fraud. One of plaintiff's claims was that defendant Welch misrepresented the purchaser's financial ability to perform under the sale contract. The purchaser testified that he refused to make further payment under the agreement because the restaurant's volume of business and the restaurant equipment was not as represented by plaintiff. However, sufficient evidence was presented from which a jury could find the purchaser did not have the financial means to pay the sixty-day and ninety-day installments specified in the sales contract. Even if defendant Welch did not knowingly misrepresent the purchaser's financial status, if the representations were false and were relied upon by plaintiff, then defendants could be held liable for constructive fraud pursuant to OCGA § 23-2-52.

6. As set forth in Division 1, sufficient evidence was presented from which a jury could find defendants liable in fraud for suppression of a material fact. Consequently, the trial court did not err in instructing the jury, in accordance with OCGA § 23-2-53, that suppression of a material fact which a party is under an obligation to communicate constitutes fraud.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 19, 1989 —
REHEARING DENIED MAY 11, 1989.

*Littlejohn & Pugh, F. Houser Pugh*, for appellants.
*James D. Patrick, Jr.*, for appellee.