A91A0300. IVEY et al. v. GOLDEN KEY REALTY, INC. et al.
(408 SE2d 811)

CARLEY, Judge.

The relevant facts in the instant appeal are as follows: Appellant-plaintiffs entered into a contingency contract to sell certain real property. As to this contract, appellee-defendant Century 21 Realty Center, Inc. was the listing broker and appellee-defendant Golden Key Realty, Inc. was the selling broker. When the sale failed to close, appellants brought suit not only against the prospective purchasers, but also against appellees. As against appellees, it was alleged that they had "negligently breached their fiduciary obligation by deliberately ignoring their primary obligation to sell [appellants'] residence . . . ." After discovery, appellees moved for partial summary judgment as to their liability for punitive damages, "special expenses," and attorney's fees and expenses of litigation. The trial court granted partial summary judgment in favor of appellees and appellants appeal.

1. When construed most favorably for appellants, the evidence of record demonstrates that appellees did *not* intentionally and wilfully induce the prospective purchasers to breach their contract to purchase appellants' real property. The most that the evidence shows is that, acting in the erroneous belief that the contingencies would not be met, appellees misinformed the prospective purchasers that they were "out of the contract" and prematurely returned the prospective purchasers' $1,000 earnest money to them. This evidence shows, at most, that, in their capacities as appellants' agents, appellees were negligent in their interpretation of the prospective purchasers' contractual liability to appellants and that, as a result, appellees negligently released the earnest money to the prospective purchasers prematurely.

"[A]n agent . . . is responsible for negligence to his principal . . . . [Cits.]" *Cabral v. White*, 181 Ga. App. 816, 818 (2) (354 SE2d 162) (1987). "The evidence . . . was sufficient to create an issue for jury determination concerning whether [appellees were] negligent in representing [appellants] in the sales transaction." *Welch v. Holley*, 191 Ga. App. 532, 533 (1) (382 SE2d 128) (1989). However, "[n]egligence, even gross negligence, is inadequate to support a punitive damage award. [Cit.]" *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (3b) (365 SE2d 827) (1988). Under OCGA § 51-12-5.1 (b), which is applicable in the instant case, it remains the rule that " ' "[s]omething more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage. . . . There is general agreement that, because it lacks this element, mere negligence is not enough. . . ." (Cit.)' [Cit.]" *Gaither v. Barclaysamerican/Financial of Ga.*, 194 Ga. App. 188-189

(390 SE2d 97) (1990).

Since the evidence of record, when construed most favorably for appellants, demonstrates that the acts attributed to appellees were, at most, negligent breaches of the duties owed as agents, the trial court correctly granted partial summary judgment as to appellees' non-liability for punitive damages.

2. The trial court did not indicate the basis for its grant of partial summary judgment in favor of appellees as to the issue of the recoverability of "special expenses." However, in the trial court and on appeal, appellees have relied exclusively upon the holdings in *Quigley v. Jones*, 255 Ga. 33 (334 SE2d 664) (1985) and *Denny v. Nutt*, 189 Ga. App. 387, 388 (1) (375 SE2d 878) (1988).

*Quigley* and *Denny* state the applicable measure of damages in a breach of contract action between the seller and the purchaser. However, the instant action is *not* such an action. It is a tort action brought by a principal against his allegedly negligent agents. See *Ellis v. Taylor*, 172 Ga. 830 (159 SE 266) (1931). OCGA § 51-12-7 provides that, in tort actions, the "necessary expenses consequent upon an injury are a legitimate item in the estimate of damages."

Since the grant of partial summary judgment was presumably based upon *Quigley* and *Denny*, the issue of whether the "special expenses" sought by appellants would be recoverable in a tort action has never been addressed in the trial court. Accordingly, we do not hold that appellants are entitled to recover "special expenses," but only reverse the ruling that such a recovery in the instant case is necessarily precluded by *Quigley* and *Denny*.

3. The trial court correctly granted partial summary judgment in favor of appellees as to attorney's fees and expenses of litigation. The uncontroverted evidence of record shows the absence of bad faith on the part of appellees and the existence of a bona fide controversy as to appellees' liability and the amount of damages, if any, recoverable by appellants.

*Judgment affirmed in part and reversed in part. Banke, P. J., concurs. Beasley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED JULY 2, 1991 —
RECONSIDERATION DENIED JULY 17, 1991 — ▮▮▮▮▮▮▮▮

*Lawrence O. Guillory, Joel A. Willis, Jr.*, for appellants.
*Herbert L. Wells, Martin, Snow, Grant & Napier, Robert R. Gunn II, Michael M. Smith, Cowart & Varner, Roy N. Cowart, Keith H. Salmon*, for appellees.