**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**April 30, 2012**

# In the Court of Appeals of Georgia

A12A0399. ROBA v. DOTSON.                                        AN-018

ANDREWS, Judge.

Patrick Dotson, as seller, sued Abdulwahab Roba, as buyer, for damages for breach of a written contract to sell real property for $55,000.00. Roba filed a counterclaim alleging that he was entitled to damages and attorney fees. After a bench trial, the trial court rendered judgment in favor of Dotson on his breach of contract claim in the amount of $36,367.45, and in favor of Dotson on Roba's counterclaim. On appeal, Roba claims that the trial court erred in the amount of damages awarded on the breach of contract claim. We agree and reverse the award of damages in favor of Dotson on the breach of contract claim. Roba does not contest the judgment to the extent the trial court ruled in favor of Dotson on the counterclaim, so that portion of the judgment is affirmed.

Roba does not dispute that the evidence was sufficient to support the trial court's finding that he breached the contract to buy the real property for $55,000.00 by refusing to close the sale on September 5, 2008, the closing date in the contract. In support of his claim for damages for breach of the contract, Dotson produced evidence that, as of the date of the trial on August 10, 2011, the real property had decreased in value from $55,000.00 at the time of the contract to $25,000.00, resulting in damages of $30,000.00. Dotson also produced evidence of additional damages he suffered as a result of the breach in the following amounts: (1) taxes paid on the real property from the September 5, 2008 closing date until the date of the trial in the amount of $2,856.97; (2) interest paid on a loan secured by the real property until the date of trial in the amount of $2,035.48; and (3) maintenance costs on the real property from the closing date until the date of the trial in the amount of $1,475.00. Based on evidence of a decrease in property value of $30,000.00 and additional damages totaling $6,367.45, the trial court awarded Dotson damages for breach of the contract in the total amount of $36,367.45.

The general rule is that "'[d]amages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable

result of its breach.' OCGA § 13-6-2." *Quigley v. Jones*, 255 Ga. 33 (334 SE2d 664) (1985); see also OCGA § 13-6-8. But as to breach of a contract to sell real property, a special damage rule applies which provides that "the measure of damages for breach of a contract to sell land is the difference between the contract price and the fair market value of the land at the time of the breach." Id. Moreover, under the special rule for breach of a contract to sell land, there can be no recovery of additional damages of the type recoverable under OCGA §§ 13-6-2 and 13-6-8 "in the absence of a clause in the parties' contract expressly authorizing such recovery." *Quigley*, 255 Ga. at 34.

In the present case, there was no evidence establishing damages under the special rule by showing the difference between the $55,000.00 contract price and the fair market value of the land at the time of the breach of contract on September 5, 2008. The trial court erred by finding that Dotson established $30,000.00 of recoverable damages by showing that the real property had decreased in value from $55,000.00 at the time of the contract to $25,000.00 as of the date of the trial on August 10, 2011. The trial court also erred by finding that Dotson established a right to recover other additional damages in the amount of $6,367.45. In *Quigley*, the Supreme Court held that general language in the parties' real estate sales contract

3

which entitled the seller in the event of the buyer's breach to "recover additional damages under this contract" did not expressly authorize recovery of such additional damages. Id. at 34 n. 1. Similarly, we find that general language in the real estate sales contract between Dotson and Roba authorizing the seller in the event of the buyer's breach to pursue the buyer "for any available remedy at law or in equity" did not expressly authorize the recovery sought by Dotson for the $6,367.45 of additional damages set forth above or for additional damages for a decrease in property value from the date of the breach of contract to the date of trial. *Denny v. Nutt*, 189 Ga. App. 387, 388 (375 SE2d 878) (1988); *Quigley*, 255 Ga. at 33-34.

*Judgment affirmed in part; reversed in part. Doyle, P. J., and Boggs, J., concur.*