## A00A1130. ROWAN v. REUSS.
(539 SE2d 241)

BLACKBURN, Presiding Judge.

R. Darryl Rowan, as attorney of record for Charles Michael Reuss, appeals the trial court's order which assessed attorney fees against Reuss and Rowan in the underlying action for paternity and child support.[1] Rowan contends that the trial court erred in awarding attorney fees against him without a hearing and that no admissible evidence of attorney fees was presented. The trial court's sua sponte decision to award attorney fees against the defendant and his attorney directly was based upon their violation of OCGA § 9-15-14 (b); therefore, we review the order for an abuse of discretion. See *C. A. Gaslowitz & Assoc. v. ZML Promenade.*[2]

1. The issue of attorney fees was raised during closing arguments of the hearing on the amount of child support. The evidence

---

[1] Reuss does not appeal the attorney fees assessed against him.
[2] *C. A. Gaslowitz & Assoc. v. ZML Promenade*, 230 Ga. App. 405, 406 (496 SE2d 470) (1998).

introduced at the hearing amply supports a conclusion that Reuss and Rowan were less than forthcoming with discoverable information concerning Reuss' finances and income. The plaintiff's attorney informed the trial court that he would be seeking attorney fees due to the behavior of Reuss and Rowan. Upon inquiry from the trial court as to whether the plaintiff's attorney was submitting his attorney bills, the bills were introduced without objection. Although Rowan was given an opportunity to respond to the attorney fee issue, during his response the following colloquy took place:

> Mr. Rowan: Your Honor, if he's ordered to pay this amount, it would probably cripple his business. . . . The Court: How's your business? Mr. Rowan: Well, my business is all right, Your Honor. I mean, it's not great but it's — trying to survive. But these fees, Your Honor, as to his allegation about anything I have done, Your Honor, I have only presented information to this [c]ourt that was given to me by my client. I have — I object to his position that he's placed to the [c]ourt that I have done anything improper. I would never submit anything improper to the [c]ourt. I diligently try to present to the [c]ourt the most accurate information that I can. The Court: Well, Mr. Rowan, you know, I'm not sure that I can award attorney[ ] fees against you without a proper motion because this is part of a domestic case and so I don't know that we need to get into that. Mr. Rowan: Okay.

After this statement, the trial court continued to question Rowan regarding his preparation of documents, tax returns and other financial documents in the case. The trial court took the matter under advisement and then issued an order in which it assessed attorney fees against Reuss and Rowan. With regard to the fees assessed against Rowan, the trial court found, in part, the following:

> Pursuant to OCGA § 9-15-14 (b), this award of attorney[ ] fees is made upon the [c]ourt's own motion, sua sponte, because the [c]ourt finds that . . . Mr. Rowan's conduct in defending the claims in this case were interposed for delay and unnecessarily expanded the proceedings. Specifically, Mr. Rowan, also a Certified Public Accountant, personally prepared for his client a misleading and incorrect "draft" 1997 tax return and a misleading [or] incorrect financial affidavit, intending for the [c]ourt and opposing counsel to rely on the information contained therein. Additionally, Mr. Rowan unreasonably withheld discovery in this case.

Although the evidence in the record amply supports the trial

court's conclusions, the record does not demonstrate that Rowan received adequate notice of the court's intention to impose attorney fees, and it is unclear as to whether the trial court held a hearing thereon or that Rowan was given the opportunity to confront and challenge testimony as to the value and need for services. See *Cohen v. Feldman*.[3] The trial court specifically told Rowan, "I don't know that we need to get into that." Therefore, we cannot say that Rowan received an adequate hearing on the subject of attorney fees against him or that Rowan waived his right to such a hearing. See *C. A. Gaslowitz*, supra; *Munoz v. American Lawyer Media*.[4] The award of attorney fees against Rowan is vacated. On remand, the trial court is authorized to conduct a hearing as to whether attorney fees are warranted in the instant case and the appropriate amount of fees to assess, if any. Rowan shall have the right to appeal such ruling as provided by law.

2. Rowan contends that the trial court erred in considering the billing records as evidence of attorney fees. However, billing records are generally admissible evidence upon testimony providing the proper foundation pursuant to OCGA § 24-3-1. *C. A. Gaslowitz*, supra. At the hearing upon remand, upon testimony providing the proper foundation, the billing records are admissible.

*Judgment vacated and remanded. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 14, 2000 —
RECONSIDERATION DENIED SEPTEMBER 27, 2000.

*Hall, Booth, Smith & Slover, Karl M. Braun, Jason P. King*, for appellant.

*Bogart & Bogart, Jeffrey B. Bogart, George R. Ference*, for appellee.

---

[3] *Cohen v. Feldman*, 219 Ga. App. 90 (464 SE2d 237) (1995).
[4] *Munoz v. American Lawyer Media*, 236 Ga. App. 462, 466 (3) (a) (512 SE2d 347) (1999).