A04A0610. MILLS v. PARKER.
(599 SE2d 301)

ANDREWS, Presiding Judge.

Following a bench trial, the court awarded Reginald Parker damages on his breach of contract claim against Hazel Mills and $18,000 in attorney fees and expenses because Mills failed to comply with a discovery request. Because the damages awarded are not recoverable on a claim for breach of contract to sell real estate, we reverse that judgment. Also, because there was no evidence presented which would enable the trial court to determine what portion of the fees and expenses was attributable to the discovery abuse, we vacate that award and remand the case for a further evidentiary hearing.

This is the second appearance of this case in our Court. See *Mills v. Parker,* 253 Ga. App. 620 (560 SE2d 42) (2002), for a detailed recital of the underlying facts. Briefly, that case states that Mills and Parker signed a contract for the sale of Mills's home to Parker for $125,000. Mills then changed her mind and notified Parker that she did not wish to sell the house and would not be at the closing. Just before closing, the closing attorney received a letter from an attorney purporting to represent Mills's husband, stating that Mills had earlier executed a quitclaim deed in her husband's favor and the deed would be recorded in the immediate future. Id. at 621. A quitclaim deed dated March 20, 2000, was filed and recorded on July 14, 2000, three days before closing. Id.

When Mills did not come to the scheduled closing, Parker sued for specific performance or, in the alternative, breach of contract, damages for fraudulent misrepresentation of marketable title, attorney fees, and punitive damages. The trial court granted Parker partial summary judgment on his claim for specific performance of the contract, set aside the quitclaim deed as a fraudulent conveyance, and found that Mills fraudulently represented that she had marketable title at the time of the contract to sell the house. The trial court also struck Mills's Answer and awarded default judgment to Parker after granting Parker's motion for sanctions against Mills for her

failure to respond to his request that she produce the original or a legible copy of the quitclaim deed. *Mills v. Parker*, supra.

On appeal, this Court reversed the grant of partial summary judgment decreeing specific performance of the sales contract and also the setting aside of the quitclaim deed. *Mills v. Parker*, supra at 623-624. The case then went to a bench trial, and the trial court found for Parker on his breach of contract claim and for Mills on all other claims. The court also granted Parker's motion for sanctions for discovery abuse in failing to produce the original of the quitclaim deed. The court found that of the $30,000 in attorney fees incurred by Parker, $18,000 was incurred as a result of Mills's discovery abuse. This appeal followed.

1. In her first enumeration of error, Mills claims the trial court erred in awarding damages for breach of contract. She argues that the damages awarded were for items that the law does not recognize for breach of a contract to sell real estate.

We agree. The court awarded Parker as damages on his breach of contract claim: $175.18 for the cost of a trip to Atlanta; $352.18 interest on the earnest money; $346 as costs to move; $3,846.15 for loss of income; and $8.15 for telephone charges. Total damages awarded were $4,727.66.

The correct measure of damages for breach of contract to sell real estate is the difference between the contract price and the fair market value of the real estate at the time of the breach. *Quigley v. Jones*, 255 Ga. 33 (334 SE2d 664) (1985); *Widener v. Ashkouti*, 239 Ga. App. 530, 531 (521 SE2d 215) (1999). This is so because the sum representing the difference between the market value of the land and the contract price is the measure of the injuries and damage sustained by the purchaser because of the seller's failure to fulfill his obligations under the contract. *Mobley v. Lott*, 127 Ga. 572, 573 (56 SE 637) (1907).

In a case directly on point, the buyer sued to recover breach of contract damages for fees paid to secure the loan, moving expenses, lost time from work, and any increase in the loan rate due to the failure to close. *Denny v. Nutt*, 189 Ga. App. 387, 388 (375 SE2d 878) (1988). This Court held that there could be no recovery of those damages for breach of a real estate contract. Id.

Likewise, in the instant case, the damages listed above were not the correct measure of damages for the breach of contract to sell the house. Moreover, there was no evidence submitted showing a difference in value between the contract price and the fair market value of the property at the time of the breach. Accordingly, the court's award of damages for the above amount is reversed.

2. In her second enumeration of error, Mills claims the trial court erred in awarding Parker $18,000 in attorney fees as sanctions for

Mills's discovery abuse. In its order on Parker's motion for sanctions, the court found that Parker had incurred attorney fees in excess of $30,000. The court further found that $18,000 of this amount was incurred solely as a result of Mills's discovery abuse.

OCGA § 9-15-14 (b) provides that a court may award attorney fees and expenses if it finds that a party needlessly expanded the proceedings through an abuse of discovery. This Code section is discretionary, and the standard of review on appeal is abuse of discretion. But, in order to recover attorney fees, both their actual cost and their reasonableness must be shown. *Santora v. American Combustion*, 225 Ga. App. 771, 774 (485 SE2d 34) (1997).

Here, Parker's counsel did not testify as to how much of the total amount billed was a result of the discovery abuse. Further, it is not possible to discern from the billing statements submitted by Parker's counsel how much of the time and expenses billed was attributable to the discovery abuse. See *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 739 (458 SE2d 711) (1995) (no evidence presented from which jury could determine what portion of time spent was attributable to recoverable fees); *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993) (trial court could not determine what were recoverable fees where time sheets included many entries consisting only of statements that a conference was held, a letter was written, or a telephone call was made). Compare *Doe v. HGI Realty*, 254 Ga. App. 181, 184 (561 SE2d 450) (2002) (majority of the time sheets submitted related solely to discovery abuse matters).

Accordingly, because there was no evidence from which the trial court could determine what portion of the fees was attributable to the discovery abuse, and because a determination of the amount of fees cannot be based on guesswork, the trial court's judgment as to the amount of attorney fees is vacated. This case is remanded for an evidentiary hearing to determine the amount of fees and expenses recoverable.

*Judgment reversed in part, vacated in part and case remanded with direction. Miller and Ellington, JJ., concur.*

DECIDED MAY 10, 2004.

*James F. Stovall III*, for appellant.
*Shapiro, Fussell, Wedge & Smotherman, Daniel I. MacIntyre IV, Robert M. Sommers*, for appellee.