S05A1452. FOSTER v. GIDEWON.

(622 SE2d 357)

HUNSTEIN, Presiding Justice.

Jennie Foster and Gebriel Gidewon lived together until February 2004 when Foster moved out. On June 14, 2004, Gidewon filed a petition for temporary protective order against Foster alleging misdemeanor stalking, see OCGA § 16-5-90 et seq., and a hearing was scheduled for June 29, 2004. Foster was served with process on Monday, June 21, 2004. She retained counsel on Thursday, June 24, 2004 and counsel filed an answer that same day, along with a conflict letter notifying the court that he would be appearing before a judge in

---

DeKalb County Superior Court on the date and time as the scheduled hearing. On the day of the hearing, counsel contacted the Fulton Superior Court judge before whom he was scheduled to appear and again made the court aware of the noticed conflict and counsel's general availability later in the day and later that same week. When counsel failed to arrive at the appointed time, Foster informed the court that her counsel was not present, that counsel had in his possession all evidence she intended to introduce at the hearing, and that she was unprepared to proceed without her attorney. The trial court determined that the conflict letter was untimely filed and proceeded with the hearing. See Uniform Superior Court Rule ("USCR") 17.1.

At the conclusion of the hearing, the court issued a mutual protective order pursuant to the Georgia Family Violence Act, OCGA § 19-13-1 et seq. The court thereafter denied Foster's motions to set aside its order and for new trial, and the Court of Appeals denied her application for discretionary appeal. We granted certiorari to consider whether the trial court erred in its determination that the conflict letter was untimely filed.

1. USCR 17.1 (B) provides, in relevant part, that when an attorney is scheduled for a day certain to appear in two or more courts, "the attorney shall give prompt written notice" of the conflict to the court clerk, opposing counsel, and the judge. The rule further provides that the attorney is "expected to give written notice such that it will be received at least seven (7) days prior to the date of conflict." Id. Although the filing of a notice of conflicts is mandatory under USCR 17.1, *Fisher v. State*, 273 Ga. 721, 722 (545 SE2d 895) (2001), under the plain language of the rule, attorneys confronted with a conflict are only "expected" to give written notice at least seven days before the conflict date. The rule's "expectation" of seven days notice reflects the reality that it is not always feasible or reasonable for counsel to provide a court with notice seven days in advance, especially where the court already is operating under an accelerated schedule such as that prescribed by the Family Violence Act. See OCGA § 19-13-3 (c) (hearing shall be held within ten days of the filing of the petition or as soon as practical thereafter, but in no event later than 30 days after the petition is filed).

We find that under the facts of this case, Foster's attorney complied with USCR 17.1 (B). He gave written notice of the conflict immediately after being retained by Foster. Thus, counsel communicated his conflict to the trial court in a timely and meaningful manner and followed up with the court on the day of the conflict in order to keep the court informed of his whereabouts. There is no evidence that Gidewon's substantive rights would have been prejudiced by a short delay, that Gidewon would have been placed in any danger because of

a delay, or that any other extenuating circumstances existed. Accordingly, we find the trial court's failure to honor the conflict letter was an abuse of discretion and reverse.

2. Our holding in the first division renders consideration of Foster's remaining enumerations of error unnecessary.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 21, 2005.

*Kupferman & Golden, Gregory D. Golden*, for appellant.
*Vincent L. Dimmock*, for appellee.