S05A1949. WILLIAMS v. COOPER.
(625 SE2d 754)

BENHAM, Justice.

This appeal concerns attorney fees assessed against Rita Williams under OCGA § 9-15-14 (b) based on her conduct as counsel for a party in a domestic relations case. In a motion for contempt based on the failure of Williams's client, Mr. Cooper, to pay support, Ms. Cooper sought attorney fees incurred "as a result of Mr. Cooper's willful failure and refusal to comply with" a support order, and prayed she "be awarded costs and expenses of litigation, including reasonable attorneys' fees, that she incurred as a result of bringing this Motion for Contempt." The trial court ruled in Ms. Cooper's favor on the issue of contempt in September 2004 and reserved the question of attorney fees. Williams was given notice by the court on March 9, 2005, of a March 31 hearing on Ms. Cooper's request for attorney fees. The transcript of that hearing shows Williams contested the claim Ms. Cooper made against Mr. Cooper for attorney fees relating to bringing the contempt action. After calculating the allowable attorney fees at $10,557 based on affidavits submitted by Ms. Cooper's attorneys, the trial court considered the financial circumstances of the parties and awarded Ms. Cooper $500 in attorney fees against Mr. Cooper pursuant to OCGA § 19-6-2, then held without elaboration that half the fees were attributable to Williams's conduct expanding the scope of the litigation, pursuing defenses lacking substantial justification, and delaying the contempt hearing, and awarded Ms. Cooper $5,278.53 against Williams under OCGA § 9-15-14 (b).

1. Williams complains first that the award against her is invalid because there was no motion for attorney fees pursuant to OCGA § 9-15-14 (b). Under that statute, an award of attorney fees may be based "upon the motion of any party or the court itself. . . ." In the present case, previous to the order which is the subject of this appeal, the record contains no motion by a party seeking attorney fees under OCGA § 9-15-14 (b), no motion by a party seeking attorney fees from Williams, and no mention by the trial court that it was considering an award under OCGA § 9-15-14 (b) or an award on any basis against Williams. The notice of the hearing contained no reference either to OCGA § 9-15-14 (b) or to the possibility Williams could be assessed attorney fees for her conduct. In *Glass v. Glover*, 241 Ga. App. 838 (528 SE2d 262) (2000), where the Court of Appeals held that a claim for attorney fees under OCGA § 9-15-14 (b) could not be asserted in a counterclaim, the award in that case was reversed because there was no motion in the record and no indication that a sua sponte motion for such fees was before the trial court. That situation exists in the present case, as well. Similarly, in *Rowan v. Reuss*, 246 Ga. App. 139 (1) (539 SE2d 241) (2000), the Court of Appeals reversed an award of attorney fees in part because the record did not demonstrate that the attorney against whom fees were assessed "received adequate notice of the court's intention to impose attorney fees. . . ." There, as here, the trial court acted sua sponte in making the award and gave no notice that such an award was under consideration, i.e., made no motion of its own.

One against whom an award of attorney fees is sought "is entitled to an evidentiary hearing upon due notice permitting him an opportunity to 'confront and challenge the value and the need for the legal services claimed. (Cit.)' [Cit.]" *Wehner v. Parris*, 258 Ga. App. 772 (1) (574 SE2d 921) (2002). Without notice that the trial court was considering an award of fees pursuant to OCGA § 9-15-14 (b), the hearing conducted in this case on a claim for attorney fees that would be authorized under OCGA § 19-6-2 cannot be considered a realistic opportunity to contest the need for the legal services forming the basis of the award under OCGA § 9-15-14 (b). This is so because the basis for an award of fees under the two statutes is different:

> The purpose of an award of attorney fees pursuant to § 19-6-2 is "to ensure effective representation of both spouses so that all issues can be fully and fairly resolved." [Cit.] The damages authorized by § 9-15-14 "are intended not merely to punish or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with [abusive litigation]." [Cit.]

*Moon v. Moon*, 277 Ga. 375, 378 (6) (589 SE2d 76) (2003). Thus, an award under OCGA § 19-6-2 depends on the financial circumstances of the parties, not their wrongdoing (*Gomes v. Gomes*, 278 Ga. 568, 569 (604 SE2d 486) (2004)), and for an award under OCGA § 9-15-14 (b), the conduct of the party against whom an award is sought, and the conduct of that party's counsel, are considered along with the impact of that conduct on the attorney fees incurred by the opposing party. *Mills v. Parker*, 267 Ga. App. 334 (2) (599 SE2d 301) (2004).

We hold, therefore, that without proper notice that an award of attorney fees under OCGA § 9-15-14 (b) is under consideration, the party against whom fees are assessed has not been given an opportunity to challenge the basis on which the fees are assessed. What the statute provides as the means of giving proper notice is a motion for such fees filed of record by a party or some form of notice to any person potentially liable for an assessment of fees under the statute that the trial court is considering its own motion for the imposition of the sanctions made available by the statute. To the extent the statement by the Court of Appeals in *Cohen v. Feldman*, 219 Ga. App. 90, 92 (2) (464 SE2d 237) (1995), that "the language of OCGA § 9-15-14 (b) itself allows the court to assess fees sua sponte" may be read to hold no notice or hearing is required, that decision is overruled. Since Williams was never given proper notice of the possibility that the attorney fees hearing could result in an award against her, the award cannot stand. *Rowan v. Reuss*, supra. The award must, therefore, be vacated and the matter remanded to the trial court with direction to conduct another hearing, upon proper notice to all persons concerned, at which Ms. Cooper may present evidence establishing Williams's liability under OCGA § 9-15-14 (b).

2. Williams complains on appeal that she was not provided an opportunity to cross-examine one of the attorneys whose work was represented by the claim for fees. Although Williams stipulated to the consideration of affidavits by Ms. Cooper's attorneys regarding their billing, that stipulation was made when the only claim for attorney fees at issue was one under OCGA § 19-6-2. On remand, Ms. Cooper's counsel each will need to establish by evidence the impact on their billing of Williams's conduct. See *Mills v. Parker*, supra; *Oden v. Legacy Ford-Mercury, Inc.*, 222 Ga. App. 666 (2) (476 SE2d 43) (1996).

3. Williams also complains the trial court's award was based on mere guesswork regarding how much of the fees were attributable to Williams's conduct. On remand, Ms. Cooper's counsel will bear the burden of showing how Williams's conduct increased the amount of attorney fees incurred by Ms. Cooper and how much of the fees are attributable to that conduct. *Mills v. Parker*, supra.

4. Finally, because one of the disputes between counsel arose from Williams's claim she was retained only the day before the

contempt hearing and her assertion at that time of a scheduling conflict, Williams suggests this Court should clarify the rules pertaining to conflicts as they apply to situations in which counsel is retained less than seven days before a scheduled court appearance. This court recently addressed that issue in *Foster v. Gidewon*, 280 Ga. 21, 22 (1) (622 SE2d 357) (2005). There we noted that while the filing of a notice of conflict is mandatory under Uniform Superior Court Rule 17.1 (B), "attorneys confronted with a conflict are only 'expected' to give written notice at least seven days before the conflict date. The rule's 'expectation' of seven days notice reflects the reality that it is not always feasible or reasonable for counsel to provide a court with notice seven days in advance. . . ." Id. No further clarification of the rule is needed.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*Rita T. Williams*, pro se.
*Hunter, Weinstein & Somerstein, Robert J. Hunter*, for appellee.