A05A2222. ANDREW, MERRITT, REILLY & SMITH, LLP
v. REMOTE ACCOUNTING SOLUTIONS, INC.
(626 SE2d 204)

MILLER, Judge.

A bench trial was conducted without the plaintiff and plaintiff's former counsel being present. At the conclusion of the trial, the court ruled in favor of the defendant. The court then found that the suit lacked substantial justification and assessed fees against the plaintiff's former counsel in the amount of $2,277.50. We find no error and affirm.

The record shows that on January 23, 2004, Remote Accounting Solutions, Inc. (Remote Accounting) sent a facsimile advertisement for its services to the accounting firm of Weintraub & Morrison. In April 2004, a firm named Venture Capital Management, LLC (Venture Capital), the purported assignee of Weintraub & Morrison in this matter, sued Remote Accounting under the Telephone Consumer Protection Act, 47 USCA § 227, alleging that the fax had been unsolicited and therefore sent in violation of federal law, and seeking damages of up to $2,000 as well as costs.

After Remote Accounting answered the complaint, it sent a letter pursuant to OCGA § 51-7-84 notifying Venture Capital that it considered the litigation abusive and without substantial justification, and that it intended to seek attorney fees against both Venture Capital and its counsel. Venture Capital did not respond to the letter or dismiss the suit. Instead, it served interrogatories, a request for documents, and a request for admissions on Remote Accounting. After Remote Accounting responded to the discovery, Venture Capital filed a motion to compel further responses. Remote Accounting then requested oral argument on the motion to compel, which was granted.

On February 8, the day before the hearing on the motion to compel, counsel for Venture Capital — Paul Andrew of Andrew, Merritt, Reilly & Smith (AMRS) — notified the court clerk that he would be withdrawing from the case, and asked that the hearing be removed from the next day's calendar. Shortly thereafter, Andrew filed a motion to withdraw from the case, which the trial court granted.

Remote Accounting soon requested a bench trial, sending a copy of its request to Venture Capital's last known address. Though Venture Capital did not appear at trial, Remote Accounting did, presenting evidence that the facsimile had been sent with authorization, and also moving for an award of attorney fees under OCGA § 9-15-14. The trial court then found that Remote Accounting had received authorization for the original facsimile and thus had not violated federal law, and entered judgment in favor of Remote Accounting. The trial court also found that since there was "no evidence" to support Venture Capital's allegations, its complaint had "lacked substantial justification." Finally, the trial court granted Remote Accounting's motion for fees in the amount of $2,277.50 as that amount "reasonable and necessary to defend the lawsuit."

On appeal, AMRS argues that the trial court erred in assessing attorney fees against it under OCGA § 9-15-14 because (1) the trial court did not have jurisdiction to impose fees after AMRS's withdrawal from the case; (2) Remote Accounting's failure to object to AMRS's withdrawal waived any sanctions it could have recovered; (3) AMRS had no notice of the March 30 hearing; and (4) the trial court failed to make the necessary findings of fact. These arguments lack merit.

OCGA § 9-15-14 (b) provides that

> [a trial] court may assess *reasonable and necessary attorney's fees* and expenses of litigation in any civil action in any court of record if, *upon the motion of any party or the court itself*, it finds that an attorney or party brought or defended an action, or any part thereof, that *lacked substantial justification* or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures.

(Emphasis supplied.) We will not disturb a trial court's award of attorney fees under OCGA § 9-15-14 (b) in the absence of an abuse of discretion. *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

As an officer of the court, a litigator admitted to practice in Georgia is subject to a trial court's commands and sanctions concerning a litigation in which he has been involved, whether or not he and his firm have already withdrawn in that particular litigation at the time of a finding under OCGA § 9-15-14. See Rules of Professional Conduct 1.16 (c) (withdrawal shall be done in compliance with applicable laws and rules); compare *Waters v. Waters*, 242 Ga. App.

588, 590 (530 SE2d 482) (2000) (trial court erred in assessing attorney fees against opposing counsel when moving party had previously settled all claims arising from suit filed by that counsel). There is nothing in OCGA § 9-15-14, moreover, to support AMRS's contention that a party who allows opposing counsel to withdraw has waived or lost the right to ask for the assessment of fees if and when it becomes apparent that the litigation lacked substantial justification.

The record before us does not include a transcript of the trial. "[I]n the absence of a transcript of the evidence, we must presume that the evidence supports the judge's findings." (Citation omitted.) *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005). Here, the trial court specifically found that AMRS had notice of *both* Remote Accounting's intention to seek fees *and* the hearing at which fees were assessed under OCGA § 9-15-14. See OCGA § 51-7-83 (a) (plaintiff bringing cause of action noticed by abusive litigation letter is entitled to costs including reasonable attorney fees). The trial court also found that because there was no evidence to support Venture Capital's allegations, the suit filed on its behalf by AMRS "lacked substantial justification."

These findings were sufficiently specific concerning the abusive nature of the litigation begun by Venture Capital, the reasonableness of the fees sought, and the notice afforded of the hearing at which fees were assessed. Thus we conclude that the trial court did not abuse its discretion when it awarded fees to Remote Accounting in the amount of $2,277.50. See *Haggard*, supra, 257 Ga. at 527 (4) (c) (affirming award of attorney fees under OCGA § 9-15-14 (b)).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 17, 2006 — ▮▮▮▮▮▮▮

*Andrew, Merritt, Reilly & Smith, Paul E. Andrew*, for appellant. *Mason B. Rountree*, for appellee.