**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 23, 2014**

# In the Court of Appeals of Georgia

A14A0243. THE GIBSON LAW FIRM, LLC, et al v. MILLER BUILT HOMES, INC.

RAY, Judge.

We granted the application of Catherine Gibson McCauley and her law firm, the Gibson Law Firm, LLC (collectively, "the Firm"), for discretionary review of the trial court's order awarding fees to Miller Built Homes, Inc. ("Miller") pursuant to OCGA § 9-15-14 (b). For the following reasons, we vacate the award of attorney fees, and remand the case to the trial court for further consideration.

The relevant facts show that Ernest Ajeroh hired the Firm to represent him in three actions in Cherokee County Superior Court arising from the sale of his property to Miller at a foreclosure sale on December 7, 2010. In the instant case, Ajeroh sued Miller and Wells Fargo National Association asserting claims of wrongful

foreclosure, breach of contract, invalid sale, breach of good faith and fair dealing, and emotional distress; he also sought damages for "failure to confirm the sale." Miller filed a motion to dismiss the complaint for failure to state a claim, to which Ajeroh responded, arguing that Miller knew the foreclosure sale was invalid. Ajeroh thereafter dismissed Miller without prejudice on October 27, 2011.[1]

On December 8, 2011, Miller filed a motion for attorney fees and expenses under OCGA § 9-15-14. The Court held a hearing on January 16, 2013, which Ajeroh and McCauley did not attend, and Miller was awarded attorney fees in the amount of $12,106.68. The trial court concluded that the fees were appropriate because Ajeroh, through McCauley, who was his former counsel by that time, had brought an action that lacked substantial justification and was substantially groundless. However, the order awarding fees was vacated after McCauley maintained that she had no notice of the hearing. After a second hearing on April 1, 2013, which was attended by McCauley, the trial court entered the order now on appeal, in which it again awarded attorney fees in the amount of $12,106.68 to Miller, jointly and severally against Ajeroh and McCauley.

---

[1] The case against Wells Fargo was dismissed on October 29, 2012.

2

In its order awarding attorney fees to Miller, the trial court, referencing its order dismissing claims against Wells Fargo on October 29, 2012, found that Ajeroh failed to provide substantive answers or documents to support his claims, failed to provide documents in response to the request for production of documents, and failed to provide substantive responses to numerous interrogatories. The trial court also found that McCauley had unnecessarily expanded the proceedings by requesting an extension of time to respond to Miller's motion for attorney fees and then failing to submit any response within the additional time allotted. The trial court concluded that the action lacked substantial justification and was substantially groundless. The Firm filed this timely application from the trial court's order, which was granted.

OCGA § 9-15-14 (b) provides that the trial court may award "reasonable and necessary attorney's fees and expenses of litigation" if it finds that the an attorney or party brought an action that "lacked substantial justification" because it was "substantially frivolous, substantially groundless, or substantially vexatious"; if the "action, or any part thereof, was interposed for delay or harassment"; or, if the "attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures." This Court reviews a trial court's award of attorney fees under OCGA § 9-15-14 (b) under an "abuse of

3

discretion" standard. (Citation omitted.) *Fulton County School Dist. v. Hersh*, 320 Ga. App. 808, 815 (2) (740 SE2d 760) (2013). Further, "[a]s an officer of the court, a litigator admitted to practice in Georgia is subject to a trial court's commands and sanctions concerning a litigation in which he has been involved, whether or not he and his firm have already withdrawn in that particular litigation at the time of a finding under OCGA § 9-15-14." (Citations and punctuation omitted.) *Andrew, Merritt, Reilly & Smith, LLP v. Remote Accounting Solutions, Inc.*, 277 Ga. App. 245, 246 (626 SE2d 204) (2006).

1. The Firm argues that the trial court abused its discretion in awarding attorney fees under OCGA § 9-15-14 (b) because its order charged the Firm with sanctionable conduct that was not supported by the record.

The Firm first contends, and Miller concedes, that the trial court's conclusion that the Firm expanded proceedings when it did not timely respond to Miller's motion for attorney fees was in error. (The record shows that the Firm was given 30 days from February 12, 2013, to file its response, and on March 14, 2013, exactly 30 days later, it did file its response.) Contrary to Miller's assertion, this was not a "harmless misstatement" because the trial court's order specifically references the Firm's failure

to provide a timely response to the attorney's fees motion in its determination that the Firm "unnecessarily expanded proceedings by other improper conduct."

Further, the Firm contends that the trial court abused its discretion by finding in its order that McCauley's failure to provide discovery responses unnecessarily expanded the litigation. However, there is no evidence in the record regarding discovery responses to Miller in the instant case. Rather, the trial court's finding appears to be based on its order dated October 29, 2012, which pertains to Ajeroh's failure to respond to discovery propounded by co-defendant Wells Fargo, not Miller. Miller had been dismissed as a defendant from the action before it sought any discovery. However, the trial court's order states that Ajeroh and the Firm failed to provide substantive answers or documentation in response to any Request for Production, and "therefore, this action lacked substantial justification and was substantially groundless."[2]

Because these findings are not supported by the record, this Court finds that the trial court erred to the extent that it relied on either of these examples of "sanctionable

---

[2] In most cases, a party seeking compensation for another party's failure to comply with discovery requests would follow the procedures set forth in OCGA § 9-11-37.

conduct" in its award. See *Doster v. Bates*, 266 Ga. App. 194, 196 (2) (596 SE2d 699) (2004).

2. The Firm maintains that the trial court also erred in concluding that the action lacked substantial justification. "OCGA § 9-15-14 (b) permits, *but does not require*, the trial court to award attorney fees" when the requirements of that Code section are met. (Emphasis supplied.) *Fox v. City of Cumming*, 298 Ga. App. 134, 135 (679 SE2d 365) (2009). The trial court's order bases its conclusion that the action lacked substantial justification in part on findings not supported by the record, for instance that Arejoh failed to fully comply with Wells Fargo's discovery requests (which did not involve Miller) and that the Firm "expanded the proceedings by seeking additional time to respond to [Miller's attorney fee] motion, but then failing to submit any response within the time allotted." Given that the trial court based its conclusion that Arejoh's action against Miller lacked substantial justification in significant part on incorrect and irrelevant findings, we cannot say that the trial court properly exercised its discretion in awarding attorney fees to Miller under OCGA § 9-15-14 (b).

3. The Firm argues that the trial court erred because it awarded Miller an impermissible "lump sum" award of attorney fees under OCGA § 9-15-14. We agree.

When awarding attorney fees under OCGA § 9-15-14, "the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Thus, 'lump sum' or unapportioned attorney fees awards are not permitted in Georgia." (Punctuation and footnote omitted.) *Fedina v. Larichev*, 322 Ga. App. 76, 81 (5) (744 SE2d 72) (2013). Accord *Franklin Credit Mgt. Corp. v. Friedenberg*, 275 Ga. App. 236, 242 (2) (d) (620 SE2d 463) (2005) ("the trial court must limit the fees award to those fees incurred because of the sanctionable conduct") (citation, footnote, and punctuation omitted).

In the present case, it appears from the hearing on Miller's motion for attorney fees that Miller submitted invoices for fees incurred during the litigation. Those invoices are not made part of the appellate record and the amount of attorney fees was not discussed during the hearing. The trial court's order awards attorney fees to Miller in the amount of $12,106.68; however, the trial court's order does not indicate how it apportioned its award of fees based on the Firm's sanctionable conduct.

> The trial court's award of [$12,106.68] may have been reasonable, but the trial court's order, on its face fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why the amount awarded was [$12,106.68] as opposed to any other amount.

7

(Footnote omitted.) *Fedina*, supra.

Accordingly, we vacate the order in its entirety and direct the trial court, on remand, to reconsider all issues relating to that award, including whether the Firm engaged in sanctionable conduct, whether Arejoh's action against Miller lacked substantial justification, whether attorney's fees should be awarded, and for appropriate fact-finding with regard to the amount of attorney fees, if any, to be assessed. Id.

*Judgment vacated and case remanded with direction. Andrews, P. J., and McFadden, J., concur.*