**SECOND DIVISION**
**ANDREWS, C. J.,**
**BRANCH AND MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2016**

# In the Court of Appeals of Georgia

A15A1937. BUTLER v. LEE.

MERCIER, Judge.

This Court granted Margaret Butler's application for discretionary review of the trial court's order awarding attorney fees to Jenai Lee in connection with the underlying child custody and support action. Butler contends that the trial court's award of $25,000, made pursuant to OCGA § 9-15-14, was unauthorized because (a) she had no notice that the court was considering making such an award and, (b) the amount of the award was an unapportioned "lump sum," and was inconsistent with the evidence and the court's own findings. We hold that Butler received sufficient notice that the court was considering awarding fees against her pursuant to OCGA § 9-15-14 (b), but that the court erred by failing to show that the award was apportioned

to include only those fees incurred because of the sanctionable conduct. We therefore vacate the court's order and remand the case with direction.

Butler and Lee were married in New York and underwent in vitro fertilization procedures while living there. Lee's eggs were fertilized with sperm from an anonymous donor and transferred to Butler to carry to term. The child was born in Georgia in 2011. Because at that time Georgia law did not recognize marriages between persons of the same sex, Lee petitioned the Superior Court of Fulton County to enter an adoption order "to confirm her status" as the child's mother. See OCGA § 19-3-3.1 (2011) (prohibiting and not recognizing marriages between persons of the same sex); but see *Obergefell v. Hodges*, _ U. S. _ (135 SCt 2584, 192 LE2d 609 (2015) (holding that same-sex couples have a fundamental right to marry, and state laws excluding same-sex couples from civil marriage are invalid; states cannot refuse to recognize a lawful same-sex marriage performed in another state on the ground of its same-sex character). The trial court granted the adoption in August 2011, finding that Butler (the child's legal mother) expressly consented to the adoption; that Lee was "an equal second parent to the child," that the child should have the legal benefits and protections of both women as his parents; that the parent-child relationship

2

between Butler and the child would be preserved intact; and that Lee would be recognized as the child's second parent.

The parties later separated and, on February 18, 2013, Butler filed a petition for the court to determine child custody and support issues. In the petition, Butler sought joint legal and physical custody of the child and to be designated the child's primary physical custodian. Lee answered, seeking sole legal and physical custody.

In December 2013, before the custody and support issues were resolved, Lee filed a motion for declaratory relief, seeking a determination that the adoption decree terminated the legal relationship between Butler and the child. In her response to the motion, Butler argued that Lee's motion was filed in bad faith and unnecessarily expanded the litigation. The court denied Lee's motion, finding that Lee was estopped from taking a position contrary to the one she had taken when she petitioned the court for an adoption (i.e., requesting that both parties be granted equal rights to the child).

The court entered a final order on child support on August 25, 2014, and entered a consent order providing for joint legal custody in October 2014.

On September 15, 2014, Butler filed a motion for attorney fees and litigation costs pursuant to OCGA § 9-15-14, in connection with the defense of Lee's motion for declaratory relief. The same day, Lee filed a request for legal fees and litigation

expenses. On September 16, 2014, Lee filed a motion for reconsideration of the child support order. She also filed a response to Butler's motion for fees and costs, arguing that the motion for declaratory relief was necessary as it sought to clarify the uncertainty of the parties' legal rights, given that the case raised issues that were undeveloped under Georgia law, and asserting that the motion for reconsideration (for which Butler also sought fees pursuant to an amendment to her motion) was necessary to, among other things, correct a clerical error in the support order.

In November 2014, Butler filed a response to Lee's request for legal fees and litigation expenses. In the response, Butler asserted that Lee had included no legal authority or argument to support the request; stated that she (Butler) reserved the right to present evidence on the reasonableness of the fees requested; quoted OCGA § 9-15-14 (b) and asserted that Lee "cites no factual basis to support the fee request specified in OCGA § 9-15-14"; and noted that a hearing was scheduled for January 8, 2015 on the issue of attorney fees.

The court held a hearing regarding fees and, on January 12, 2015, ordered Lee to pay Butler $4,346 in fees pursuant to OCGA § 9-15-14 in connection with the motion for declaratory relief. On January 15, 2015, the trial court entered the order at issue in this appeal, ordering Butler to pay Lee $25,000 in attorney fees pursuant

to OCGA § 9-15-14, finding that Butler's conduct of "posturing and wrangling . . . constituted stubborn litigiousness," unnecessarily expanded the litigation and was interposed for delay and harassment. The court found that Butler had, among other things, (1) made it difficult for Lee to take the child to a dentist; (2) argued that the child should stay with a third party during the day rather than with Lee, who was a stay-at-home parent; and (3) refused mediation and forced Lee to file a motion to enforce the parties' agreement.

1. Butler argues that the trial court erred by awarding attorney fees to Lee pursuant to OCGA § 9-15-14 (b), when Butler received no notice that Lee was seeking such fees. This Court reviews a trial court's decision to award attorney fees pursuant to OCGA § 9-15-14 (b) for an abuse of discretion. *Murray v. DeKalb Farmers Market*, 305 Ga. App. 523, 525 (2) (699 SE2d 842) (2010).

OCGA § 9-15-14 (b) provides, in pertinent part:

The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct.

5

Thus, OCGA § 9-15-14 (b) allows the court, either its own motion or on the motion of any party, to assess attorney fees and litigation expenses (where the above circumstances are present). However, the party against whom such fees are sought is entitled to notice that such relief may be awarded. See *Williams v. Cooper*, 280 Ga. 145, 147 (1) (625 SE2d 754) (2006). "What the statute provides as the means of giving proper notice is a motion for such fees filed of record by a party or some form of notice to any person potentially liable for an assessment of fees under the statute that the trial court is considering its own motion for the imposition of the sanctions made available by the statute." Id.

We conclude that Butler received adequate notice. Specifically, in Lee's motion to enforce the parties' mediated custody agreement (filed in July 2014), Lee sought attorney fees based on Butler's conduct as allegedly having "unnecessarily expand[ed] . . . these proceedings"; although Lee did not cite a particular statute in the motion, the quoted language is found in OCGA § 9-15-14 (b). Then, on August 25, 2014, in its final order on child support, the court stated that it was reserving for later "[t]he issue of legal fees which may be awarded, if there is such an issue in this case," and that after the parties have attempted to settle the fee issue, any party seeking such fees shall make submissions on this issue . . . within 20 days from the

6

entry of this Order"; the court noted in the order that the stated deadline was intended to shorten the time allowed in OCGA § 9-15-14 (e). On September 15, 2014, Lee filed a request for oral argument, legal fees and litigation expenses (without specifying a statutory basis therefor), accompanied by an attorney's affidavit, itemized fee statements, and other documents. On September 30, 2014, the court issued a notice that it would hear "Petitioner's [Butler's] and Respondent's [Lee's] Motion for Attorney Fees" on January 8, 2015. In Butler's November 2014 response to Lee's request for fees, Butler specifically cited OCGA § 9-15-14, asserted that Lee was not entitled to a fee award *pursuant to that statute*, reserved the right to present evidence of reasonableness of fees at oral argument, and noted that a hearing was scheduled for January 2015 on the issue of attorney fees. It was after hearing argument on the attorney fee issue that the court issued its ruling. Under the circumstances, the record shows that Butler received sufficient notice that the court was considering imposing attorney fees and litigation expenses against her pursuant to OCGA § 9-15-14 (b), and also that she had an opportunity to challenge Lee's request for an award thereunder. See *Citizens for Ethics in Government v. Atlanta Dev. Auth.*, 303 Ga. App. 724, 736-737 (3) (694 SE2d 680) (2010) (affirming fee award where, although trial court had not specifically stated that it was considering

7

an award of attorney fees under OCGA § 9-15-14 (b), appellant had received ample notice and an opportunity to challenge the award, because the trial court had told appellant that it intended to take up at a bond hearing on its own motion the issue of sanctions against him, including attorney fees). Compare *Williams v. Cooper*, 280 Ga. 145, 146 (1) (625 SE2d 754) (2006) (vacating attorney fee award under OCGA § 9-15-14 (b) based on lack of notice because, prior to making fee award, no party had filed a motion seeking attorney fees from appellant, the court had not mentioned that it was considering an award under OCGA § 9-15-14 (b) or an award *on any basis* against the appellant, and the hearing notice contained no reference either to OCGA § 9-15-14 (b) or to the possibility that appellant could be assessed attorney fees for her conduct); *Rowan v. Reuss*, 246 Ga. App. 139, 140 (1) (539 SE2d 241) (2000) (award of attorney fees made upon the court's own motion under OCGA § 9-15-14 (b) was vacated and case remanded for hearing where attorney fee issue was raised during closing arguments at child support hearing and record did not demonstrate that appellant had received adequate notice of court's intention to impose attorney fees).

2. Alternatively, Butler contends that the trial court erred by awarding Lee $25,000 in attorney fees because the amount of the award was inconsistent with the

evidence and the court's findings of fact, and the law prohibited the trial court from making an unapportioned or lump sum award of fees.

In its order, the trial court stated that Lee had incurred $106,000 in attorney fees, but that she was only requesting $25,000 in fees. The court concluded that the $25,000 request was "reasonable and necessary in addressing this protracted litigation." Citing what it characterized as an unnecessary expansion of the litigation and conduct interposed for delay and harassment, the court entered against Butler an award of $25,000 pursuant to OCGA § 9-15-14. The court did not indicate how the award was apportioned to include only fees and expenses generated based on Butler's sanctionable conduct.

"As we have held, in cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. 'Lump sum' or unapportioned attorney fees awards are not permitted in Georgia." *Brewer v. Paulk*, 296 Ga. App. 26, 31 (2) (673 SE2d 545) (2009) (citations and punctuation omitted). "[T]he trial court's award of [$25,000] may have been reasonable, but the trial court's order, on its face fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why the amount awarded was $[25,000], as opposed to any other

9

amount." *Fedina v. Larichev*, 322 Ga. App. 76, 81 (5) (744 SE2d 72) (2013). See generally *Franklin Credit Management Corp. v. Friedenberg*, 275 Ga. App. 236, 242-243 (2) (d) (620 SE2d 463) (2005) (lump sum award not permitted, fee award vacated, and case remanded for additional findings, where billing records did not clearly delineate which fees were associated with the successful claim, and trial court failed to sufficiently specify the basis for the particular amount awarded). Consequently, we must vacate the order and remand the case for further action by the trial court. See *Brewer*, supra; *Fedina*, supra. On remand,

> [t]he court is directed to indicate the basis for its award. If the court needs supplemental evidence to determine the amount of attorney fees [and litigation expenses] reasonably attributable to the prevailing claim, it may hold a hearing. Alternatively, if the court concludes it can make the required determination without such evidence, by further considering the evidence already submitted, it may do so.

*Franklin Credit Management Corp.*, supra at 243 (citations and punctuation omitted).

*Judgment vacated and case remanded with direction. Andrews, P. J., and Branch, J., concur.*