**THIRD DIVISION**
**DILLARD, P. J.,**
**MCFADDEN and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 17, 2016**

# In the Court of Appeals of Georgia

A15A1746.  LEADERSHIP  PREPARATORY  ACADEMY  v.
    BUTLER et al.

MCFADDEN, Judge.

In this appeal from a superior court order affirming an award of unemployment benefits to a former employee, the employer contends that the superior court erred in issuing its ruling without a complete record of the administrative proceedings, in failing to find evidentiary errors during the administrative proceedings, and in granting the employee's motion for attorney fees without proper notice of the motion. However, the superior court did have the complete record of the administrative proceedings; the employer has made no showing that the issue of evidentiary errors was preserved for appellate review; and, in the absence of a transcript of the hearing before the superior court, we must presume from the court's final order that any

objection to notice of the motion for attorney fees was waived. Accordingly, we affirm.

The record shows that Amanda Stinson was employed by Leadership Preparatory Academy from 2010 to 2014, when her employment was terminated. Stinson applied for unemployment benefits, which were initially denied by a Georgia Department of Labor claims examiner's determination on the basis that Stinson had been fired for failing to perform her job duties satisfactorily. Stinson appealed, and after an administrative hearing, the hearing officer reversed the claims examiner's determination and awarded unemployment benefits to Stinson. Leadership appealed to the department's board of review, which adopted the findings of the hearing officer and upheld the decision to award benefits on the ground that Stinson had not intentionally failed or consciously neglected to perform her job duties. See OCGA §§ 34-8-194 (2) (B) (i) & (ii) (individual shall not be disqualified for benefits if she made a good faith effort to perform job duties but was simply unable to do so or if she did not intentionally fail or consciously neglect to perform job duties).

Leadership then filed a petition for judicial review by the superior court. The court notified the parties of a hearing scheduled for November 12, 2014. Leadership moved for a continuance, which the court granted, notifying the parties that the

hearing was rescheduled for January 12, 2015. On December 15, 2014, Stinson filed a motion for attorney fees under OCGA § 9-15-14. The hearing was held as scheduled on January 12, with both Leadership and Stinson appearing and represented by counsel at the hearing. On January 20, 2015, the superior court entered its final order affirming the decision of the board and awarding attorney fees to Stinson under OCGA §§ 9-15-14 (a) & (b).

Leadership filed an application for discretionary appeal, which this court granted. Thereafter, Leadership filed a timely notice of appeal from the superior court's final order.

1. *The administrative record.*

Leadership claims that the superior court erred in issuing its decision based on a record of the administrative proceedings that was incomplete because it was missing certain documents. However, as the transcript of the administrative hearing shows and as Leadership admits in its brief, none of the purportedly missing documents identified by Leadership was admitted into evidence or considered by the hearing officer or the board of review in reaching their decisions. On the contrary, the hearing officer expressly excluded those documents from evidence. Furthermore, the record before us plainly shows that the department properly filed a certified record of the

3

administrative proceedings with the superior court, including a transcript of the evidence taken during the administrative hearing, which the court reviewed before entering its final order. See OCGA § 34-8-223 (b) (department "shall certify and file with the superior court all documents and papers and a transcript of all testimony taken in the matter, together with the board of review's findings of fact and decision therein"). Accordingly, this claim of error is without merit and provides no basis for reversal.

2. *Evidentiary rulings.*

Leadership contends that the superior court erred in upholding certain evidentiary rulings by the hearing officer, including the exclusion of the documents mentioned above and the admission of two documents introduced by Stinson. However, there is nothing in the record to show that these evidentiary issues were raised by Leadership and ruled on by the superior court.

In its brief, Leadership, without any citation to the record, claims that it raised these issues at the January 12, 2015 hearing before the superior court. There is no transcript to support Leadership's claim because, as Leadership acknowledges in its brief, the January 12 hearing before the superior court was not transcribed. Consequently, Leadership's representation that it raised these issues is of no

4

consequence because "[w]e cannot consider factual representations in [its] brief which do not appear on record." *Brown v. Fokes Properties 2002*, 283 Ga. 231, 232 (1) (657 SE2d 820) (2008) (citation and punctuation omitted).

Moreover, contrary to Leadership's claim, the superior court's final order does not indicate that these specific evidentiary issues were raised at the hearing, nor does it include any such evidentiary rulings. Rather, the final order explained that Leadership's petition for judicial review was "merely a generic four page document that asserts the general grounds for appeal: that the decision was not supported by the evidence, that it [was] contrary to the law, was an abuse of discretion and was simply unfair." The final order further explained that Leadership never submitted any brief or memorandum of law in support of its petition, that Leadership never made an argument about any "specific credible legal error made by the Administrative Law Judge," and that Leadership's counsel "just argued generally that the decision was unfair and should be reversed."

"In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings." *Reed v. Reed*, 295 Ga. 574, 578 (2) (761 SE2d 326) (2014) (citation and punctuation omitted). Accordingly, we must

5

presume that the evidentiary issues now raised on appeal were not raised and ruled on in the superior court, and thus they present nothing for us to review. "The burden is upon [the appellant] to ensure that [its] enumerations are supported by the record. Because [Leadership has] not fulfilled [this] duty . . . we treat [this] enumeration [of error] as abandoned." *Threatt v. Rogers*, 269 Ga. App. 402, 404 (1) (604 SE2d 269) (2004) (citation and punctuation omitted).

3. *Attorney fees.*

Leadership argues that it did not receive proper notice of the motion for attorney fees because it was not served on the attorney who filed the motion for a continuance of the superior court hearing. See *Williams v. Cooper*, 280 Ga. 145, 146 (1) (625 SE2d 754) (2006 ("One against whom an award of attorney fees is sought is entitled to an evidentiary hearing upon due notice permitting him an opportunity to confront and challenge the value and the need for the legal services claimed.") (citations and punctuation omitted). Although it does appear that the Leadership attorney who filed the motion for a continuance was not served, the certificate of service attached to Stinson's motion for attorney fees shows that the motion was served on another of Leadership's attorneys - the attorney who had represented Leadership during the administrative proceedings and who had filed the petition for

6

judicial review for Leadership. Leadership has contested this certificate of service with an affidavit of that attorney stating that she did not receive the notice.

Nevertheless, we need not address this factual dispute. Once again, in the absence of a transcript of the hearing held before the superior court, we must presume the regularity of the court proceedings. *Reed*, supra. Here, the trial court's final order states that at the hearing Stinson presented evidence supporting her motion for attorney fees and that counsel for Leadership raised no objection. Under these circumstances, we must presume that Leadership waived any defects in service by appearing at and participating in the hearing held on the motion for attorney fees. See *Brown*, supra (appearance in action amounts to waiver of defects in process served).

*Judgment affirmed. Ellington, P. J., and Peterson, J., concur.*