**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J. and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 6, 2019**

# In the Court of Appeals of Georgia

A18A1615. ETTRICK v. SUNTRUST MORTGAGE, INC.

RICKMAN, Judge.

Raquel Ettrick appeals from the trial court's order in which it denied her motion to set aside its order granting summary judgment in favor of SunTrust Mortgage, Inc., denied her motion for sanctions against SunTrust, and granted SunTrust's motion for attorney fees pursuant to OCGA § 9-15-14. We find no error and affirm.

This is the second time this case has been before this Court. In May 2013, after Ettrick defaulted on her mortgage loan issued by SunTrust and SunTrust foreclosed on the property in accordance with the terms of the security deed, Ettrick filed suit against SunTrust and several other defendants, asserting wrongful foreclosure, fraud,

breach of contract, trespass/wrongful eviction, and other related claims. The parties attempted to mediate Ettrick's claims, to no avail.

In February 2016, the trial court granted summary judgment to SunTrust on all counts, noting that Ettrick had abandoned her claim of wrongful foreclosure at the summary judgment hearing. Ettrick appealed the trial court's summary judgment order, and this Court affirmed the order in February 2017 without a written opinion pursuant to Court of Appeals Rule 36.

In the meantime, SunTrust filed in the trial court a motion for attorney fees against Ettrick pursuant to OCGA § 9-15-14 (a) and (b). After the case was remanded post-appeal, Ettrick filed a motion to set aside the trial court's order granting summary judgment on her claims of trespass/wrongful eviction and moved for sanctions against SunTrust and its counsel for alleged misconduct related to the removal of Ettrick's personal property from the home.

The trial court considered Ettrick's motions in conjunction with SunTrust's motion for attorney fees during a nearly three-hour long evidentiary hearing, the transcript of which is not included in the appellate record. Following the hearing, the trial court issued a thorough order containing numerous factual findings in which it

denied Ettrick's motions and assessed attorney fees against Ettrick and her counsel, jointly and severally, pursuant to OCGA § 9-15-14 (b). This appeal follows.

1. Ettrick mulishly asserts that the trial court erred in refusing to set aside its order granting summary judgment to SunTrust–an order that this Court previously affirmed–based upon what she characterizes as "newly discovered evidence," despite the fact that her argument remains unchanged. She further contends that the trial court erred in denying her motion for sanctions against SunTrust and its counsel for filing–then quickly withdrawing–a motion for supersedeas bond pending her previous appeal. Suffice it to say that we have carefully reviewed Ettrick's arguments and for a number of reasons, some of which are set out in SunTrust's brief on appeal, we find them to be entirely without merit.

2. Ettrick argues that the trial court erred in assessing attorney fees against her and her counsel in favor of SunTrust pursuant to OCGA § 9-15-14 (b), and her counsel additionally contends that she (counsel) was not provided notice that she may be personally subject to the sanctions. We disagree.

(a) The trial court awarded SunTrust attorney fees pursuant to OCGA § 9-15-14 (b). That statute provides, in pertinent part, as follows:

The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct . . . As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

It is well established that "[t]he damages authorized by Section 9-15-14 are intended not merely to punish or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with abusive litigation." (Citation and punctuation omitted.) *O'Keefe v. O'Keefe*, 285 Ga. 805, 806 (684 SE2d 266) (2009). This Court will affirm a trial court's award of attorney fees pursuant to subsection (b) absent an abuse of discretion.[1] See *Haggard v. Board of Regents of*

---

[1] OCGA § 9-15-14 (a), on the other hand, mandates an attorney fee award assessed against a party and/or that party's counsel for "assert[ing] a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." We review such awards under the "any evidence" standard of review. See *Haggard v. Board of Regents of University System of Georgia*, 257 Ga. 524, 526 (4) (c) (360 SE2d 566) (1987). In its order assessing attorney fees against Ettrick and her counsel pursuant to OCGA § 9-

*University System of Georgia*, 257 Ga. 524, 526 (4) (c) (360 SE2d 566) (1987);

*Cohen v. Rogers*, 341 Ga. App. 146, 157 (1) (798 SE2d 701) (2017).

The trial court limited its assessment of attorney fees to those SunTrust accrued after the failed mediation, beginning in June 2015, through and including the nearly three-hour hearing that resulted in the order that is the subject of this appeal. In support of its award, the trial court stated:

> [A]n award of discretionary attorney's fees is warranted under [OCGA § 9-15-14 (b)]. In accordance with [subsection (b)], the Court finds that a large portion of [Ettrick's] action lacked substantial justification. The fatal flaws of the lawsuit became apparent after [Ettrick's] deposition on January 15, 2014. Despite deposing that she had not paid the mortgage on the Property for months, had received notices and warnings about foreclosure, had met with attorneys to stop a potential foreclosure but never hired anyone, and had never obtained a loan refinancing the Property, [Ettrick] continued to litigate claims for fraud, wrongful foreclosure, breach of contract, and sought possession of the Property.

The trial court further held that "[Ettrick] and her counsel knew or should have known that the lawsuit was 'substantially groundless' after [Ettrick's] deposition," and that she nevertheless "increased her settlement demand, which unnecessarily

15-14 (b), the trial court pretermitted whether attorney fees were mandated under subsection (a) of that statute.

5

expanded the litigation." Thus, the trial court concluded that sanctions against Ettrick and her counsel, jointly and severally, were warranted "to punish and deter and also to recompense litigants." It awarded attorney fees in an amount "not exceed[ing] the amounts which [were] reasonable and necessary for SunTrust to defend its rights," to be calculated beginning "nearly two years into the lawsuit–after numerous opportunities for [Ettrick] to remove any personal property that remained in the house, after several settlement offers, after [Ettrick's] deposition, and after the mediation[.]"[2]

The appellate record does not include a transcript of the fee hearing. "In the absence of a transcript of the evidence, we must presume that the evidence supports the judge's findings." *Andrew, Merritt, Reilly & Smith v. Remote Accounting Solutions*, 277 Ga. App. 245, 247 (626 SE2d 204) (2006). Regardless, we note that the record before us amply supports the trial court's factual findings and nothing therein indicates that the trial court abused its discretion in issuing the award. See

---

[2] The trial court based the amount of the award upon evidence presented by SunTrust's counsel during the hearing which, although not part of the appellate record, are set forth in the order itself. Ettrick does not challenge the amount awarded on appeal.

*Remote Accounting Solutions*, 277 Ga. App. at 247; see also *Brunswick Floors v. Carter*, 199 Ga. App. 110, 111 (3) (403 SE2d 855) (1991).

(b) Ettrick's counsel makes the bold assertion that the trial court erred in assessing the fees against her and Ettrick, jointly and severally, as opposed to assessing them solely against Ettrick, because she (counsel) was not on notice that she may be subject to the sanctions.

As set forth above, the plain language of OCGA § 9-15-14 (b) authorizes the assessment of attorney fees "upon the motion of any party or the court itself" against "an attorney or party" who the court determines, in its discretion, pursues an action lacking substantial justification or engages in improper conduct that unnecessarily expands the proceedings. Any person against whom fees are being considered under this statute must be given notice and an opportunity to challenge the imposition of an award. See *Wall v. Thurman*, 283 Ga. 533, 534 (661 SE2d 549) (2008).

SunTrust filed a "Motion For Attorneys' Fees and Expenses Pursuant to OCGA § 9-15-14" and a hearing was scheduled on the motion. The motion sought fees "against [Ettrick]" for claims that SunTrust alleged "lacked substantial justification," were "groundless and incapable of proof," and "presented no justiciable issue of law or fact." Even if were to accept counsel's position that because the motion named

7

only "Ettrick" it failed to place her on notice that she may be subject to the same sanctions, we will affirm the trial court's order in the absence of a transcript of the fee hearing. See *McConnell v. McConnell*, 231 Ga. 219 (200 SE2d 872) (1973); *Leadership Preparatory Academy v. Butler*, 336 Ga. App. 275, 278 (3) (784 SE2d 109) (2016); see also *Atlanta Public Schools v. Diamond*, 261 Ga. App. 641, 644 (3), (4) (583 SE2d 500) (2003).

3. In its order assessing fees against Ettrick and her counsel, the trial court referenced a statement, purportedly made during the parties' mediation, which was disclosed in an affidavit filed by SunTrust's counsel in support of the motion for attorney fees. The statement was allegedly made by the mediator and related to the mediator's assessment of Ettrick's case. Ettrick contends that the trial court erred in considering the statement, which she asserts was disclosed in violation of the confidentiality rules governing mediations. The trial court made reference to the challenged statement, however, only after it fully supported its award of attorney fees pursuant to OCGA § 9-15-14 (b) with the factual findings quoted in Division 2 (a), which make clear that the court's holding was not dependent upon the statement. It follows that, even assuming the statement was erroneously disclosed, any such error had no impact on the trial court's ultimate ruling. See generally *Carden v. Carden*,

266 Ga. App. 149, 151 (2) (596 SE2d 686) (2004); *Goss v. Mathis*, 188 Ga. App. 702 (373 SE2d 807) (1988); *Martini v. Nixon*, 185 Ga. App. 328, 329 (6) (364 SE2d 49) (1987).

*Judgment affirmed. Dillard, C. J., and Doyle, P. J., concur.*